### SWINSON v. CITY OF DUBLIN *et al.*

ATKINSON, J. 1. The motion to dismiss the writ of error is without merit. On its facts the case is not brought within the principle of *Harris* v. *Sparta*, 130 *Ga.* 60 (60 S. E. 192), in which the assignment of error related solely to an order dissolving a restraining order.

2. The provision of the municipal charter in question follows: "That the value for taxation of all real and personal property in said city subject to taxation shall be determined by three disinterested freeholders of said city, to be elected annually by the mayor and board of aldermen, who shall take an oath to assess all property in said city at a fair market value to the best·of their skill and knowledge. In case any property holder or taxpayer shall be dissatisfied with any assessment so made by said assessors, he may appeal to the mayor and board of aldermen, who shall review the same and whose decision thereon shall be final. Said assessors shall be paid out of the city treasury such compensation for their services as may be fixed by the mayor and board of aldermen, the same not to exceed the sum of three dollars per day to each for every day actually engaged in said work." Ga. L. 1910, pp. 618, 655, sec. 66. *Held*:

(*a*) Properly construed, a finding of the assessors is final upon a taxpayer, subject only to his right of appeal to the mayor and board of aldermen.

(*b*) The charter does not purport to provide for giving notice to the taxpayer of the assessment, or for a hearing before the assessors on the question of the valuation of the property.

3. The ordinance of the municipality in question follows: "All persons dissatisfied with the assessment placed upon their property may, by themselves, agent, or attorney at law, file written objections with the clerk within five days after the notice of the assessment, which shall be under oath; and it shall be the duty of the council to pass on said objection as early as practicable; and their decision shall be final." *Held*, that this ordinance provides for a hearing before the municipal council on the question of the valuation of the property, but it is no part of the law as embodied in the municipal charter, and is a mere gratuity.

4. As the charter provision in question failed to provide for notice to the taxpayer and afford as matter of right a hearing before the assessors on the question as to valuation of the property, and as the hearing provided for by the ordinance was mere matter of grace, such provision of the charter is repugnant to the due-process clauses of the State and Federal constitutions. *Shippen Lumber Co.* v. *Elliott*, 134 *Ga.* 699 (68 S. E. 509); *Central of Georgia R. Co.* v. Wright, 207 U. S. 127 (28 Sup. Ct. 47); Security Trust Co. v. Lexington, 203 U. S. 323 (27 Sup. Ct. 87).

5. The judge erred in dismissing the action.

*Judgment reversed. All the Justices concur.*

No. 9465. FEBRUARY 14, 1934.

324

*Blackshear & Blackshear,* for plaintiff.
*W. W. Larsen Jr.,* and *C. C. Crockett,* for defendant.