WILSON *et al. v.* MISSOURI STATE LIFE INSURANCE COMPANY *et al.*

No. 11717.  March 11, 1937.  Rehearing denied March 24, 1937.

M. H. Collier, W. L. Bryan, and Ellis & Bell, for plaintiffs.

Little, Powell, Reid & Goldstein, Courtney S. Goodman, James P. Aylward, Francis Fuller, McElreath, Scott, Duckworth & Du-Vall, John J. Hennessy, and Emanuel Javetz, for defendants.

James R. Hutcheson, Judge.  The writ of error in this case brings for review the decision of the trial judge in Fulton superior court, disallowing the amendment offered by the plaintiffs in error before the judgment of this court was made the judgment of the lower court, and the judgment dismissing the case. O'Malley v. Wilson, 182 Ga. 97 (185 S. E. 109), where the history of this litigation and the facts in the case are fully stated.  No attempt will be made here to restate the facts or the history of the case, and reference will be had to the former decision of this court.

■ The motion to dismiss the writ of error is overruled.  It is not necessary to elaborate on the reasons for overruling that motion.

■ The decision by this court (O'Malley v. Wilson, supra) determined the law of the case.  Therefore the questions of law decided in the former adjudication will not be reviewed.

■ The amendments offered by the plaintiffs in error did not strengthen the cause of action, but simply attempted to amplify the grounds of the plaintiff's suit.  It will be seen that the plaintiffs in error attempt to avoid the effect of this judgment in O'Malley v. Wilson, supra, by adopting a difference in the pleadings, and perhaps adding grounds thereto.  The plaintiffs in error should have set out all the grounds of complaint at the outset. Not having done so, they are bound by the judgment of this court, supra, just as conclusively as if they had alleged and adopted their amended grounds at the outset.  A plaintiff will not be permitted to trifle with a court of equity by reserving a part of his grounds of complaint to be set out by amendment later in the event

of his losing on the partial grounds first relied on. In other words, any cause of action that he had, any ground of complaint that he had, when he filed his suit at the outset, not embodied in such complaint, will be deemed to have been abandoned; otherwise there would be no end to litigation. *Wood* v. *Travelers Insurance Co.*, 53 *Ga. App.* 429 (186 S. E. 467); *Perry* v. *McLendon,* 62 *Ga.* 598. It has long been the rule that a cause of action not in existence when suit was brought can not be added by amendment; neither can a new cause of action be added by amendment. *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.*, 129 *Ga.* 712 (59 S. E. 804); *Jackson* v. *Security Insurance Co.*, 177 *Ga.* 631 (170 S. E. 787); *Central of Georgia Ry. Co.* v. *Jones,* 152 *Ga.* 92 (108 S. E. 618); Code, § 81-1303.

■ The plaintiffs in error insist that certain statutes fully set out in the pleadings are unconstitutional, for reasons fully stated in an amendment. While it does not appear that there is any merit in this contention, the question of the constitutionality of the statutes could have been urged at the outset, in the first suit. It is too late to urge these grounds of complaint by amendment. The status of the law complained of, in regard to their constitutionality, has not changed since the filing of the first suit.

■ The plaintiffs in error insist that the power of the Missouri receiver to convey real estate in Georgia is wanting. It will be noted that O'Malley, acting as receiver for a corporation in the State of Missouri, is acting by authority of the statutes of Missouri, as well as the authority with which he is clothed by the decree in the Missouri court designating him as receiver. By the Missouri statute he is clothed with the same authority that the corporation had before it was adjudged insolvent and the receiver appointed. The difference in the authority of a statutory receiver and one clothed with general authority by a decree of the court was pointed out by Chief Justice Russell in his able opinion in the case of *O'Malley* v. *Wilson,* supra. This disposes of all questions raised in this the second writ of error in this case.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

JENKINS, J., concurs in the result only.