LOWE *v.* CITY OF ATLANTA *et al.*

No. 14122.   JUNE 17, 1942.   REHEARING DENIED JULY 16, 1942.

*William G. Grant* and *George & John L. Westmoreland,* for plaintiff.

*O. C. Hancock, Sol I. Golden, Herbert J. Haas, J. C. Savage, E. L. Sterne, Frank A. Hooper Jr., Ralph H. Pharr, E. H. Sheats, W. S. Northcutt, Ellis G. Arnall, attorney-general, A. J. Tuten, J. C. Murphy, Powell, Goldstein, Frazier & Murphy, Virlyn B. Moore Jr.,* and *George G. Finch,* for defendants.

REID, Chief Justice. This litigation has been before this court on three previous occasions, in the report of which a full statement of the controversy may be found. *Gehr* v. *Atlanta,* 189 *Ga.* 701 (7 S. E. 2d, 264) ; *Lowe* v. *Atlanta,* 191 *Ga.* 76 (11 S. E. 2d, 891) ;

*Forrester* v. *Lowe,* 192 *Ga.* 469 (15 S. E. 2d, 719). After the decision in the case last cited, Mrs. Lowe filed additional pleadings, one of which was called an intervention, and another an amendment. In one of the former appearances it was pointed out that in no event could the plaintiff in error prevail, because she had made no timely tender of the amount of the taxes due. In the intervention filed by her on July 19, 1941, she reiterates her former allegations as to tender, and says that she tenders the amount of the taxes mentioned in the two deeds under which the city and the county sold the property for taxes. Other years' taxes are due, but the tender does not reach these, as was decided in *Forrester* v. *Lowe,* supra. Whether it is not also ineffectual because of other unpaid taxes due thereon we need not determine. Compare *Interstate Bond Co.* v. *Cullars,* 189 *Ga.* 283 (5 S. E. 2d, 756). Section 3 of the act of 1937 (Ga. L. 1937, p. 491) expressly removes deeds made before the date of its approval from its operation. In this new pleading, demurrers to which were sustained, she again pressed the contention theretofore urged by her and which had been adjudged untenable. There was no failure on the former appearances to grasp the issues there presented. They were examined, considered, discussed, and determined adversely to her. They will not be restated, nor will they on this writ of error be again decided. The only contention now sought to be raised, that was not pressed and determined in one or more of the previous decisions, was an attack on the constitutionality of section 3 of the act of 1937 above referred to, which section undertook to except from the terms of the act tax deeds theretofore made. No such question was sought to be presented until after this court had ruled that the City of Atlanta, by becoming the purchaser at the tax sale, acquired the property divested of the owner's title, and that the former owner had lost her redemption rights and ceased to have any interest in the property. This attack was merely an additional reason, for the first time urged by her, why it was not too late to redeem. Ample opportunity existed earlier to present such a question as one of the grounds of attack, which was not done; and in failing to do so she waived it. In *Wilson* v. *Missouri State Life Insurance Co.,* 184 *Ga.* 184-186 (190 S. E. 552), it was said: "The plaintiffs in error insist that certain statutes fully set out in the pleadings are unconstitutional, for reasons fully stated in an amendment. While

it does not appear that there is any merit in this contention, the question of the constitutionality of the statutes could have been urged at the outset, in the first suit. It is too late to urge these grounds of complaint by amendment. The status of the law complained of; in regard to their constitutionality, has not changed since the filing of the first suit."

We are not to be understood, however, as intimating that had the point been made in time, it would have presented a question of any seriousness. No reasons are advanced in the brief of the plaintiff in error why the section is unconstitutional, nor are any authorities cited in support of such contention; but if it were to be conceded that the third section of the act contained matter different from what is expressed in the title, the act itself would have to be construed, bearing in mind the provisions of the Code, § 102-104, which in part declares, "Laws prescribe only for the future; they can not impair the obligation of contracts, nor, usually, have a retrospective operation." And if the quoted language be applied, the extension of time given in the act for the redemption of land sold at tax sales could not affect the sale here involved; for that took place before the passage of the act. Compare *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770). This litigation should end. *Judgment affirmed. All the Justices concur.*