MAYS *v.* DERANEY.

No. 17326. FEBRUARY 14, 1951.

*Williams & Freeman,* for plaintiff.

*John R. L. Smith, W. E. Watkins,* and *Benjamin B. Garland,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) In her original ejectment suit, the plaintiff alleged that she claimed title under a deed from John B. Mays dated November 4, 1926, and that the defendant claimed under cer-

tain conveyances in his possession and with which he is familiar, made by John B. Mays, who was their common grantor, subsequently to the deed above referred to. The defendant's answer averred among other things: that he held title under a deed executed by the City of Jackson, the purchaser of the land in dispute at a tax sale; that he and his predecessor in title had been in possession for more than seven years; and that John B. Mays, acting as agent of the plaintiff (his wife), was present at the sale and offered no objections thereto. On the first trial, the jury found for the plaintiff. In reversing a judgment denying the defendant's motion for a new trial, this court said: "We think it clear in the instant case that the acts and conduct of the plaintiff and her agent, as established by undisputed evidence, were sufficient to estop the plaintiff from denying the validity of the tax sale as against the City of Jackson and privies in title." *Deraney* v. *Mays*, 205 *Ga.* 142, 151 (supra). After the above decision, the plaintiff tendered an amendment attacking sections 14 and 15 of the charter of the City of Jackson (Ga. L. 1908, p. 787), which provided for assessment of realty, as being violative of the due-process clauses of the State and Federal Constitutions, in that no provision was made for either notice of the assessments or for a hearing before the tax assessors.

The plaintiff, by tendering the amendment, sought to raise a question of law in order to avoid the effect of the judgment in *Deraney* v. *Mays*, supra. Before the first trial the defendant fully set forth in his answer that he was claiming in virtue of a city tax sale. In such circumstances, if the plaintiff desired to attack the defendant's answer by alleging that the sections of the city charter providing for the assessment of realty were unconstitutional, and that therefore the tax sale under which the defendant claimed was void, this—being a question of law—should have been raised by demurrer before the first trial. Not having done so, the plaintiff is bound by the prior judgment of this court, and the trial court did not err in disallowing the amendment complained of in the exceptions pendente lite. See, in this connection, Code, § 81-1301 et seq.; *Southern Cotton Oil Co.* v. *Raines*, 171 *Ga.* 154 (3), (155 S. E. 484); *Wilson* v. *Missouri State Life Insurance Co.*, 184 *Ga.* 184 (4), (190 S. E. 552);

*Lowe* v. *City of Atlanta,* 194 *Ga.* 317, 318 (21 S. E. 2d, 171).

The present case differs on its facts from *Swinson* v. *City of Dublin,* 178 *Ga.* 323 (173 S. E. 93), which involved an injunction to prevent the collection of a tax execution.

■ Special grounds 1 through 50 of the motion for a new trial, complaining of the admission of evidence, requests to charge, and of the charge as given, have been examined and found to be without merit.

■ The evidence, though conflicting on the question of agency, was sufficient to authorize a verdict for the defendant, and the trial court did not err, for any reason assigned, in denying the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur.*