WILLIAMS *et al. v.* O'CONNOR, executor, *et al.*

No. 17763.   Submitted February 11, 1952—Decided March 11, 1952.

*Earle Norman,* and *L. C. Groves,* for plaintiffs in error.
*Clement E. Sutton,* contra.

WYATT, Justice. ■ All questions insisted upon before this court except the ruling allowing the second amendment filed by the defendant in error, will be determined by a determination of the status of the security deed from W. A. Reid to Thomas O'Connor conveying the land here involved. In *Williams* v. *O'Connor,* supra, this security deed was held to be inadmissible under the act of 1941 (Ga. L. 1941, pp. 487-489) and to be no evidence of title—thus holding that the plaintiff had failed to prove title to the land claimed. It is now contended that the 1941 act is unconstitutional.

In *Williams* v. *O'Connor,* supra, it was said: "There was no such attack made upon the 1941 act, and accordingly, it follows that the act is presumed valid, and the deed was invalid as evidence of title." It is therefore the law of the case that the question of the constitutionality of the 1941 act was not raised in the first trial of the instant case, and that the security deed

here involved was not admissible, and was no evidence of title. Defendants in error seek to avoid the effect of this judgment by attacking the constitutionality of the 1941 act for the first time on the second trial of the instant case.

This can not be done. This court has many times said that, when a statute is involved in the first trial of a case, the constitutionality of the statute must then be attacked; and, if it is not, upon a reversal by this court, it can not be attacked at a subsequent trial. See *Wilson* v. *Missouri State Life Ins. Co.*, 184 *Ga.* 184 (190 S. E. 552); *Lowe* v. *City of Atlanta*, 194 *Ga.* 317 (21 S. E. 2d, 171); and *Mays* v. *Deraney*, 207 *Ga.* 617 (63 S. E. 2d, 380). In *Wilson* v. *Missouri State Life Ins. Co.*, supra, it was said: "The plaintiffs in error insist that certain statutes fully set out in the pleadings are unconstitutional, for reasons fully stated in an amendment. While it does not appear that there is any merit in this contention, the question of the constitutionality of the statutes could have been urged at the outset, in the first suit. . . The status of the law complained of, in regard to their constitutionality, has not changed since the filing of the first suit."

In the instant case, the 1941 act was clearly involved in the first trial. Defendant in error had at that time an opportunity to raise the question of the constitutionality of that act. He did not do so. He can not do so now. "In other words, any cause of action that he had, any ground of complaint that he had, when he filed his suit at the outset, not embodied in such complaint, will be deemed to have been abandoned; otherwise, there would be no end to litigation." *Wilson* v. *Missouri State Life Ins. Co.*, supra.

It follows that the judgment of the court below, holding the 1941 act unconstitutional, overruling and dismissing the motion filed by the plaintiff in error to strike the amendment, striking and dismissing the plea in abatement, and the judgment denying a new trial, was error.

■ The only question insisted upon that is not determined by the above rulings is whether it was error to allow a second amendment to the petition, alleging that there had been no administration of the estate of Thomas O'Connor after the remittitur of this court had been made the judgment of the court below.

We deem it sufficient to say that, under the circumstances of this case, there was no error in allowing this amendment. However, for reasons stated in the first division of this opinion, the judgment of the court below must be

*Reversed. All the Justices concur.*