## 40194. TAYLOR v. R. O. A. MOTORS, INC.

PANNELL, Judge. James H. Taylor filed his petition in the Civil Court of Fulton County, Georgia, against defendant, R. O. A. Motors, Inc. By stipulation, substantially the following facts existed: (1) Defendant did business in Georgia from January 10, 1961, to December 15, 1961; (2) defendant was never domesticated in Georgia, and has not done business in this State since December 15, 1961; (3) that prior to doing business in this State, defendant filed with the Secretary of State of Georgia a copy of its charter as provided by Georgia law, and also a return, and paid the registration fee, as provided by *Code Ann.* §§ 22-1703 and 22-1704, as amended by Ga. L. 1949, pp. 950, 953, 954; that it also filed a similar return and paid fees on October 3, 1961; that in each of said returns defendant designated W. Charles LeShama as its authorized agent in Georgia; (4) A fire occurred in premises leased by defendant from plaintiff on October 30, 1961, and defendant vacated said premises and ceased to do business in Georgia as of December 15, 1961. Thereafter, pursuant to application dated December 21, 1961, defendant withdrew from doing business in this State, and its name was removed from the corporate records in the office of the Secretary of State of Georgia on December 27, 1961. At the same time the defendant removed and terminated the agency of W. Charles LeShama as its authorized agent in Georgia; (5) on December 29, 1961, defendant was dissolved as a corporation under the laws of the State of Delaware, as shown by copy of certificate of that date issued by the Secretary of State of Delaware; (6) September 24, 1962, this suit was filed; September 25, 1962, service was made on W. Charles LeShama at his address, Healey Building, Atlanta 3, Fulton County, Georgia; (7) service on the Secretary of State was made September 25, 1962, but copy of petition mailed to defendant was returned "addressee unknown." November 5, 1962, defendant made special appearances by filing a plea in abatement and traverse and plea to the jurisdiction on grounds set forth therein. The lower court sustained the defendant's plea in abatement denying service and traversing entry of service, and set aside and vacated entries of service. The motion for new trial was overruled. *Held:*

1. The Act of 1918 (Ga. L. 1918, pp. 136, 137, codified in the Code of 1933 as §§ 22-1210 and 22-1211) applies to foreign corporations. *Manufacturing Lumbermen's Underwriters v. South Ga. R. Co.*, 57 Ga. App. 699, 702 (196 SE 244) (decided prior to the Corporation Act of 1938, Ga. L. 1937-38, Ex. Sess., pp. 214 et seq.).

2. It is a well settled rule of law that a valid subsisting statute is not repealed by implication by a later Act unless they are generally inconsistent or unless the later Act covers the entire field of the former legislation. *Fairfax Bldg. Co. v. Oldknow*, 46 Ga. App. 281 (167 SE 538).

3. While that portion of the Act of 1918, codified as *Code* § 22-1210, and providing that, "The dissolution of a corporation either as a result of the expiration of its charter, or for any other cause, shall not bring about its total extinction nor operate to extinguish any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort, nor shall such dissolution work the abatement of any suit pending against it at the time of such dissolution, but all such pending suits may be prosecuted and enforced to a conclusion as though such corporation were still undissolved," may have been superseded as to its applicability to local corporations by the Corporation Act of 1938 (Ga. L. 1937-38, Ex. Sess., p. 214; *Code Ann. Ch.* 22-18), and particularly as to those matters contained in § 36 of that Act (*Code Ann.* § 22-1874), providing that, "All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued for the term of three years and until final disposition of all suits begun within that time from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them and enabling them gradually to settle and close their business, to dispose of and convey their property and to divide their assets, but not for the purpose of continuing the business for which the said corporation shall have been established," which latter section has been held by the Supreme Court of the State of Georgia not to refer to dissolved foreign corporations insofar as a suit in this State *by* such corporations is concerned, *Trust Co. of Ga. v. Mortgage-Bond Co. of N. Y.*, 203 Ga. 461 (46 SE2d 883), and may have been superseded by § 40 of the Corporation Act of 1938, *Code Ann.* § 22-1879,

as to its applicability to both domestic and foreign corporations insofar as it relates to survival of pending suits, the Corporation Act of 1938 did not supersede that portion of the Acts of 1918 codified as *Code* § 22-1211, as the subject matter dealt with in this Code section, that is, service of process on a dissolved nonresident corporation, is not covered by the Corporation Act of 1938, and is not in conflict with that Act.

4. It follows, therefore, that the suit brought in the instant case against a foreign corporation, which formerly did business in this State, said suit claiming damages arising out of an alleged breach of a lease contract involving real estate in this State and entered into within this State, and also damages arising out of acts of negligence of the agents of the corporation committed while the corporation was doing business within this State, was properly served by service of process issued upon said suit upon the person who was an agent of such corporation and subject to be served as its agent at the time of such dissolution. *Code* § 22-1211. The fact that such an agent had his agency terminated several days prior to the final certification of dissolution by proper authority of the foreign state, does not, in our opinion, prevent such agent from being its agent "at the time of such dissolution" within the meaning of said Code section, where the process of dissolution must of necessity have begun prior to the termination of the agency. To construe the language, "at the time of such dissolution," as referring to an instantaneous period of time would defeat the very purpose of the legislature in enacting the statute, that is, "to limit the effect of the dissolution of corporations, to furnish further remedies against corporations which have been dissolved . . . to extend the rights of creditors of said corporations, to provide for service of process against them, and for other purposes." See, in this connection, *Gazan v. Heery*, 183 Ga. 30 (187 SE 371, 106 ALR 498).

5. The trial court erred in sustaining the plea in abatement of the corporation claiming as ground of abatement that no legal service had been had upon the corporate defendant.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED OCTOBER 7, 1963—REHEARING DENIED
NOVEMBER 8, 1963.

638

*E. C. Harvey, Jr., Warner S. Currie,* for plaintiff in error.

*Woodruff, Savell, Lane & Williams, E. L. Savell, B. F. Woodruff,* contra.

ON MOTION FOR REHEARING.

The motion for rehearing primarily sets out argument on the question of jurisdiction of the courts of this State over a dissolved foreign corporation. The record discloses that a plea to the jurisdiction is now pending in the lower court. Until this plea is passed upon by that court and exceptions thereto brought to this court, if same are made, that question is not decided.

The assignment of error at present before this court is only whether copy of suit and the process were properly served upon a dissolved foreign corporation. We held that it was properly served under *Code* § 22-1211.

*Motion denied.*