22472. R.O.A. MOTORS, INC. v. TAYLOR.

ARGUED MAY 11, 1964—DECIDED JUNE 10, 1964—REHEARING DENIED JULY 6, 1964.

*Woodruff, Savell, Lane & Williams, B. F. Woodruff, Edward L. Savell,* for plaintiff in error.

*E. C. Harvey, Jr., Warner S. Currie,* contra.

ALMAND, Justice. This case involves the constitutionality of

*Code* § 22-1211 as applied to a foreign corporation. *Code Ann.* § 22-1874 (Ga. L. 1937-38, Ex. Sess., pp. 214, 242) provides: "All corporations, whether they expire by their own limitations or are otherwise dissolved, shall nevertheless be continued for the term of three years and until final disposition of all suits begun within that time from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them and enabling them gradually to settle and close their business, to dispose of and convey their property and to divide their assets, but not for the purpose of continuing the business for which the said corporation shall have been established." *Code* § 22-1211 provides: "Suits for the enforcement of any demand or cause of action due by such corporation may to a like extent be instituted and enforced against it in any court having jurisdiction thereof at the time of its dissolution, and service thereon. may be perfected either by seizure of the property of such corporation, by any form of legal process, or by serving with process issued upon said suits any person who, as an agent or officer of such corporation, was subject to be served as its officer or agent at the time of such dissolution." In September 1962 the defendant in error, James H. Taylor, Jr., filed a petition in the Civil Court of Fulton County against the plaintiff in error, R.O.A. Motors, Inc., incorporated under the laws of Delaware, seeking to recover for damages to certain premises leased by him to the plaintiff in error and for the balance of rent which was allegedly due. By agreement of the parties the case was tried on the following stipulation of facts: The defendant, who was never domesticated in Georgia, did business in the State from January 10, 1961, to December 15, 1961, and has not done business in the State since December 15, 1961. Before doing business in Georgia the defendant paid the registration fee and filed a copy of its charter and a return with the Secretary of State as required by Georgia law. On October 3, 1961, the defendant filed a similar return and paid fees. In both returns W. Charles LeShanna was designated as the defendant's authorized agent in Georgia. On October 30, 1961, a fire occurred on the premises leased to defendant by the plaintiff and the defendant vacated the premises. By application dated Decem-

ber 21, 1961, the defendant ceased to do business in the State and on December 27, 1961, its name was removed from the corporate records in the office of the Secretary of State and the agency of W. Charles LeShanna was terminated. Two days later, on December 29, 1961, the defendant was dissolved as a corporation under the laws of Delaware. This suit was filed on September 24, 1962, and service was made the following day on W. Charles LeShanna at the Healey Building, Atlanta, Ga. and on the Secretary of State. The copy of the petition mailed to the defendant by the Secretary of State was returned "addressee unknown."

On November 5, 1962, the defendant made a special appearance, filing a plea in abatement denying service and traversing entry of service and filing a plea to the jurisdiction. In both pleas it was asserted that the court did not have jurisdiction over the defendant, and that the defendant was not doing business in Georgia at the time the suit was filed. The trial court sustained the plea in abatement and vacated and set aside the entries of service but did not rule on the plea to the jurisdiction. Error was assigned on this order and the case was carried by writ of error to the Court of Appeals where it was held that *Code* § 22-1211 applies to foreign corporations and that the defendant "was properly served by service of process issued upon said suit upon the person who was an agent of such corporation and subject to be served as its agent at the time of such dissolution. *Code* § 22-1211." *Taylor v. R.O.A. Motors*, 108 Ga. App. 635, 637 (134 SE2d 486). A motion for rehearing was denied, and defendant's application for certiorari was denied by this court. Thereafter the case was remanded to the trial court and the defendant renewed his plea to the jurisdiction and filed a motion to dismiss. In the plea to the jurisdiction it was asserted that the assumption of jurisdiction over the defendant would violate the due process clauses of the Georgia and United States Constitutions and the equal protection clause of the United States Constitution because at the time of service of process the defendant was not a resident of Georgia, was not doing business within the State and had no office, agent or statutory agent within the State. In its motion to dismiss it charged that *Code* § 22-1211

was unconstitutional as being violative of the due process clauses of both Constitutions and of the equal protection clause of the Fourteenth Amendment to the Federal Constitution. After a hearing the trial court entered an order overruling the plea to the jurisdiction and the motion to dismiss. Error is assigned on this order.

■ On this appeal counsel for the plaintiff in error argue two points. First they contend that the statutes of Georgia do not give the State jurisdiction over the plaintiff in error because *Code* § 22-1211 does not apply to foreign corporations, and because there is not a valid statute in Georgia which continues the existence of a foreign corporation after its dissolution. These contentions cannot be considered here. The Court of Appeals, as will be seen from its opinion, necessarily found that jurisdiction had been acquired over the plaintiff in error in order to hold that service of process was properly made. The decision by the Court of Appeals became the law of the case and the same questions cannot be raised again in a subsequent appeal of the same action. *Doyle v. United Finance Co.*, 97 Ga. App. 257 (2) (102 SE2d 637). We do not ignore the fact that in denying the motion for rehearing the Court of Appeals remarked that it had not passed on the plea to the jurisdiction. *Taylor v. R.O.A. Motors*, 108 Ga. App. 635, 638, supra. However the defendant corporation in its plea in abatement raised the question of jurisdiction, because in that plea it was asserted that the court was without jurisdiction because the corporation was not doing business in the State and had no agent in the State at the time the suit was instituted.

■ The second question raised by the plaintiff in error concerns the constitutionality of *Code* § 22-1211. In its motion to abate the action and traverse the return of service the plaintiff in error did not challenge the validity of *Code* § 22-1211. It asserted that under applicable laws of the State the trial court did not have jurisdiction of it because, (1) at the time suit was instituted it had ceased to do business in Georgia, and it had been dissolved and, (2) the person upon whom service was made was not its agent. The Court of Appeals rejected both contentions and reversed the ruling of the trial court sustaining the

motion to abate the action and vacate the return of service. As we have said in Division 1 of this opinion the ruling of the Court of Appeals became the law of the case and prohibited any assertion of the plaintiff in error to the contrary. *Gibbs v. Henning Co.*, 189 Ga. 675 (7 SE2d 238).

When the judgment of the Court of Appeals was returned to the trial court and made its judgment, the plaintiff in error filed its motion to dismiss the action because *Code* § 22-1211 (under which section the Court of Appeals had held that service of its agent had been perfected) was unconstitutional for stated reasons. Bearing in mind that the plaintiff in error did not challenge the validity of *Code* § 22-1211 in its motion to abate the action and vacate the entry of service, and the Court of Appeals having ruled that its motion was not valid, can the plaintiff in error, subsequent to such ruling, challenge the constitutionality of *Code* § 22-1211?

We are of the opinion that it cannot. In *Wilson v. Missouri State Life Ins. Co.*, 184 Ga. 184 (190 SE 552) this court in a previous case, *O'Malley v. Wilson*, 182 Ga. 97 (185 SE 109), between the same parties on the same cause of action, had held that the trial court had erred in not sustaining the defendant's general demurrers. On the return of the remittitur to the trial court the plaintiff filed an amendment attacking the constitutionality of certain statutes. It was there held that a plaintiff will not be permitted to avoid a judgment of the Supreme Court when the case is returned to the trial court by an amendment setting out matters which he could have alleged at the outset and that the attack on the validity of the statute was too late. In its opinion it was said (p. 186): "The plaintiffs in error insist that certain statutes fully set out in the pleadings are unconstitutional, for reasons fully stated in an amendment. While it does not appear that there is any merit in this contention, the question of the constitutionality of the statutes could have been urged at the outset, in the first suit. It is too late to urge these grounds of complaint by amendment. The status of the law complained of, in regard to their constitutionality, has not changed since the filing of the first suit." For similar rulings on similar factual situations see *Lowe v. City of Atlanta*, 194 Ga.

317 (21 SE2d 171); *Mays v. Deraney*, 207 Ga. 617 (63 SE2d 380); *Williams v. O'Connor*, 208 Ga. 801 (69 SE2d 726). In *Perry v. McLendon*, 62 Ga. 598, 604, the court said: "No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon . . . He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war."

The plaintiff in error having failed to challenge the validity of *Code* § 22-1211 in its motion to abate the action and traverse the return of service, and the Court of Appeals having ruled adversely to the contentions of the plaintiff in error, it cannot now be heard in its contention that *Code* § 22-1211 is unconstitutional. For these reasons this court will not make any ruling on the constitutionality of that Code section.

The judgment of the trial court refusing to dismiss the action and sustain the plea to the jurisdiction is

*Affirmed. All the Justices concur.*