## 47984. CROSS v. THE STATE.

ARGUED MARCH 6, 1973 — DECIDED APRIL 6, 1973 —
REHEARING DENIED APRIL 19, 1973.

838

*Rich, Bass, Kidd & Broome, Robert K. Broome, Casper Rich, William F. C. Skinner, Jr., Bryan M. Cavan,* for appellant.

*Richard Bell, District Attorney, M. Randall Peek,* for appellee.

HALL, Presiding Judge. The prohibitions found in Code Ann. § 26-3001 on "Unlawful Eavesdropping and Surveillance" are inapposite here because they logically relate to one who is *not a party* to the conversation itself. One does not "intercept" or "overhear" a conversation that is made directly to him. He is not an eavesdropper nor does he have the conversation under "surveillance." See "Eavesdropping," Black's Law Dictionary and

*Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 198 (50 SE 68). Anyone who makes a statement to another knows that the person to whom it is made may repeat it to others who may use it against him. The mere fact that the person to whom the statement was directed made a recording without the knowledge of the person recorded does not vitiate its evidentiary value. See 97 ALR2d 1283, 1302, 1305, §§ 10, 12; 29 AmJur2d 491, Evidence, § 435.

This principle is well stated in a recent decision of the United States Supreme Court which has similar facts. United States v. White, 401 U. S. 745 (91 SC 1122, 28 LE2d 453). "Hoffa v. United States, 385 U. S. 293, which was left undisturbed by Katz, held that however strongly a defendant may trust an apparent colleague, his expectations in this respect are not protected by the Fourth Amendment when it turns out that the colleague is a government agent regularly communicating with the authorities. In these circumstances, 'no interest legitimately protected by the Fourth Amendment is involved,' for that amendment affords no protection to 'a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.' Hoffa v. United States, at 302. No warrant to 'search and seize' is required in such circumstances, . . . or when the same agent, unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered in evidence. Lopez v. United States, 373 U. S. 427. . . . It is thus untenable to consider the activities and reports of the police agent himself, though acting without a warrant, to be a 'reasonable' investigative effort and lawful under the Fourth Amendment but to view the same agent with a recorder or transmitter as conducting an 'unreasonable' and unconstitutional search and seizure. Our opinion is currently shared by Congress and the Executive Branch, Title III, Omnibus Crime Control and Safe Streets Act of

1968, 82 Stat. 212, 18 USC §§ 2510 et seq. (1964 Ed. Supp. V), and the American Bar Association Project on Standards for Criminal Justice, Electronic Surveillance, § 4.1 (Approved Draft 1971)." United States v. White, supra, pp. 749, 753.

Therefore, while the federal statute is worded differently, and while the Georgia statute is not under constitutional attack, the same reasoning supports the interpretation of § 26-3001: that it does not apply to one who is a party to the conversation.

The state has relied chiefly upon Code Ann. § 26-3006 which provides: "Nothing in section 26-3001 shall prohibit the interception, recording and divulging of a message . . . [when] the message shall constitute the commission of a crime or is directly in the furtherance of a crime, provided at least one party thereto shall consent." This section is also applicable, though redundant in view of the above interpretation of § 26-3001. It seems probable that § 26-3006 was intended to cover those situations in which the conversation was between two private parties, one of whom consented to the interception by some third party, most likely a law enforcement agency. This does not mean that if one of the parties to the conversation is a police officer who has consented that the section cannot apply. Defendant contends that the police will always consent to electronic eavesdropping, making the prohibition meaningless. Defendant has overlooked the clear wording which requires the consent of one of the *parties* to the conversation, not the "consent" of the third party interceptor. The rationale for consent of a party is exactly the same as that stated in United States v. White, supra, and is also true under the federal statute. 18 USCA, § 2511 (2) (c). See also *Ansley v. State,* 124 Ga. App. 670, 674 (185 SE2d 562), cert. den. 408 U. S. 922, 929.

The trial court did not err in overruling this motion to suppress.

*Judgment affirmed. Clark, J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially. I do not agree with the majority opinion's statement in Headnote 1 that: "The prohibitions of Code Ann. § 26-3001 on 'Unlawful Eavesdropping and Surveillance' relate to one *who is not a party to the conversation"* nor do I agree with the discussion of this subject beginning at page 838. (Emphasis supplied.)

If the private conversation of two persons is secretly (clandestinely) recorded by one of such persons, this constitutes an unlawful invasion of privacy. See Code Ann. § 26-3001 (Ga. L. 1968, pp. 1249, 1327). This statute goes far beyond mere "eavesdropping" and specifically provides that it is also unlawful to "transmit or record" the private conversation of another which originates in any private place.

Of course, there are certain exceptions, such as the giving of consent by all persons involved. Code Ann. § 26-3001 (b). Further, law enforcement officers are excepted while trying to apprehend one suspected of violating the laws, provided an order (warrant) of superior court is obtained and the surveillance and recording are performed in strict accordance with several statutory provisions. (See Code Ann. § 26-3004 and all subdivisions; Ga. L. 1968, pp. 1249, 1328; 1972, p. 615; 1972, pp. 952, 953). Another exception is when the message itself shall constitute the commission of a crime or is directly in furtherance of a crime, and if one of the parties thereto shall consent. See Code Ann. § 26-3006. (This is the only provision under Georgia law where the consent of one party only is sufficient to give legality to the clandestine recording of a conversation or message which originates in a private place.)

I consider it quite important to note my disagreement with the majority opinion, because otherwise I would give sanction to what *I know is not the law,* that is, that

one party may clandestinely record and report the conversation he has with another party in a private place. To do so legally he must come within the purview of one of the exceptions herein noted. For instance, the law-enforcing officer is not within an exception when he records and reports a conversation which may afford *evidence of guilt* of a crime previously committed. To come within the exception, the conversation *must itself constitute a crime or be in furtherance of a crime.*

The majority opinion relies strongly upon and quotes from United States v. White, 401 U. S. 745 (91 SC 1122, 28 LE2d 453), using several pages. *But only four justices concurred in the quoted language,* and of course, it is not binding and is not a precedent. Mr. Justice Brennan concurred in the judgment only, and at p. 755 very pertinently states: "In other words, it is my view that current Fourth Amendment jurisprudence interposes a *warrant requirement* not only in cases of third-party electronic monitoring . . . *but also in cases of electronic recording by a government agent of a face-to-face conversation with a criminal suspect . . ."* (Emphasis supplied.)

It is hardly necessary to remind that there was no warrant in the case sub judice.

But, the federal authorities are not applicable here because the federal law is completely unlike the Georgia law. Title 28 U.S.C.A. § 2511 (2) (c) (d) specifically provides that if *one* of the persons acts under color of law *and is a party to the conversation,* it is not unlawful for him to intercept such communication. But the Georgia law, as found in Code Ann. § 26-3006 (Ga. L. 1968, pp. 1249, 1333) provides that it is not unlawful to record the message *when both parties to the conversation consent;* or *where the conversation is itself a crime or in furtherance of a crime.* Thus, it is readily seen that the federal law is much more liberal towards the government than is the state law, and we repeat that the federal authorities are

inapplicable.

The majority affirms the denial of a motion to suppress evidence in this case, and I concur in the judgment. The evidence shows that the conversation which was electronically recorded was one wherein defendant proposed to bribe the officer. Of course, this is an exception to the general rule and is covered by Code Ann. § 26-3006. Also see *Ansley v. State,* 124 Ga. App. 670 (4) (185 SE2d 562).