## 29528. CROSS v. THE STATE.

JORDAN, Justice.

William Howard Cross appeals from his conviction of bribery and the sentence thereon, and from the denial of his motion for new trial.

Jurisdiction in this court is alleged because of an attack on the constitutionality of Ga. L. 1968, pp. 1249, 1333 (Code Ann. § 26-3006).

The appellant filed a motion to suppress tape recordings of his telephone conversation with police officers, and testimony related thereto, contending that the evidence was illegally obtained in violation of Ga. L. 1968, pp. 1249, 1327 (Code Ann. § 26-3001). It is alleged that the state relies on Ga. L. 1968, pp. 1249, 1333 (Code

Ann. § 26-3006), which provides exceptions to the prohibitions of Code Ann. § 26-3001. It is asserted that Code Ann. § 26-3006 violates the Fourth Amendment of the United States Constitution (Code § 1-804) and Art. I, Sec. I, Par. XVI of the Constitution of the State of Georgia (Code Ann. § 2-116).

The trial judge held that a previous motion to suppress the identical evidence had been overruled, that this ruling had been sustained by the Court of Appeals, and that the ruling of the Court of Appeals was controlling on the trial court. The motion to suppress was dismissed. The first of the appellant's 58 enumerated errors complains of this ruling.

The decision of the Court of Appeals affirming the denial of the previous motion to suppress evidence is *Cross v. State,* 128 Ga. App. 837 (198 SE2d 338). In the majority opinion of the Court of Appeals it was held that the prohibitions of Code Ann. § 26-3001 do not apply to one who is a party to a recorded conversation. It was further held that the exceptions of Code Ann. § 26-3006 are also applicable to the evidence which the appellant sought to suppress.

The principle that a ruling by this court or the Court of Appeals is binding in all subsequent proceedings in that case in the lower court applies in criminal cases as well as in civil cases. *Bryant v. State,* 197 Ga. 641, 645 (30 SE2d 259).

An appellant may not avoid a judgment of the Court of Appeals which affirms the denial of his motion to suppress evidence, by filing another motion to suppress the same evidence, when the case is returned to the trial court, attacking the constitutionality of a portion of the law under which the Court of Appeals' decision is rendered, where there has been no subsequent change in the law. Compare: *Lowe v. City of Atlanta,* 194 Ga. 317 (21 SE2d 171); *Mays v. Deraney,* 207 Ga. 617 (1) (63 SE2d 380); *Williams v. O'Connor,* 208 Ga. 801 (1) (69 SE2d 726); *R. O. A. Motors, Inc. v. Taylor,* 220 Ga. 122 (137 SE2d 459).

The constitutional question attempted to be made in this case cannot be considered by this court, and the jurisdiction of the case being otherwise in the Court of

Appeals, the case must be transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JANUARY 20, 1975 — DECIDED MARCH 17, 1975.

*Hendon, Egerton, Harrison & Glean, E. T. Hendon, Jr.,* for appellant.

*Richard Bell, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr.,* amicus curiae.