53578. BIRGE v. THE STATE.

McMurray, Judge.
Birge, Dominick, and Coats were indicted for hindering apprehension and punishment of a criminal by

destroying the case file of the Carrollton Police Department dealing with charges of possession of marijuana by Birge's son. Dominick and Coats plead guilty. Birge was tried, convicted and sentenced to three years in prison. Birge appeals. *Held:*

1. On the hearing of Birge's jury challenge, the only evidence as to the composition of the jury panels was the opinion testimony of a statistician. The trial court, as trier of fact, was free to reject this expert testimony. *Hays v. State,* 16 Ga. App. 20 (5) (84 SE 497); *Ford Motor Co. v. Hanley,* 128 Ga. App. 311, 315 (2) (196 SE2d 454). This enumeration of error is without merit.

2. When the investigation of law enforcement agencies led them to Dominick, he confessed and implicated Birge. To determine the truth of allegations regarding Birge, Dominick agreed to have an electronic transmitting device concealed on his person. With the device in place Dominick participated in conversations with Coats, Birge, and Birge's secretary which law enforcement officers monitored from a distance and recorded. There was no court order authorizing electronic eavesdropping, and Birge contends that eavesdropping was therefore illegal.

Birge challenges the construction of Code Ann. § 26-3001 (Ga. L. 1968, pp. 1249, 1327, since amended, Ga. L. 1976, p. 1100) set forth in a two-judge opinion in *Cross v. State,* 128 Ga. App. 837 (198 SE2d 338). That opinion is not binding precedent (*Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178); *Supreme Oil Co. v. Brock,* 129 Ga. App. 863, 864 (1) (201 SE2d 659); Rule 26 (c) (Code Ann. § 24-3626)), and we would decline to follow that decision. See *State v. Guhl,* 140 Ga. App. 23, 27 (2) (230 SE2d 22). But in *Mitchell v. State,* 239 Ga. 3, the Supreme Court in reviewing *Guhl* (also *Mitchell*) held the Court of Appeals erred in "reinterpreting the statute."

In *Cross v. State,* supra, a police officer was told by his informer that a certain Johnson wanted to reach him. The officer contacted Johnson and arranged to meet him. Prior to the meeting an electronic transmitting device was concealed upon the person of the officer. During the meeting Johnson's offer to bribe the officer was received and recorded by other officers. The opinion which sets

forth the law of that case held that the prohibitions set forth in Code Ann. § 26-3001, supra, relate only to one who is not a party to the conversation itself and that those prohibitions were inapposite there. The special concurrence suggests that the language of the majority opinion was overly broad but the judgment correct because the facts were covered by Code § 26-3006 (Ga. L. 1968, pp. 1249, 1333).

Examination of the New Criminal Code, Invasions of Privacy, Ch. 26-30 (Ga. L. 1968, pp. 1249, 1327-1334) reveals the enactment of criminal provisions prohibiting certain invasions of privacy within this state. The various Code sections of this Chapter (Ch. 26-30) must be construed together in order to determine the intent of the legislature. *Seaboard C. L. R. Co. v. Blackmon,* 129 Ga. App. 342, 345 (199 SE2d 581). The construction of Code Ann. § 26-3001, supra, stated in *Cross v. State,* supra, openly reduces Code § 26-3006 to redundant surplusage. Yet both of these criminal provisions were enacted simultaneously, each as a portion of the comprehensive revision of our criminal law limiting invasions of privacy. Courts should not so interpret a statute as to make parts of it surplusage unless no other construction is reasonably possible. *Drake v. Drewry,* 109 Ga. 399, 401 (35 SE 44); *Boyles v. Steine,* 224 Ga. 392, 395 (162 SE2d 324).

We believe Code Ann. § 26-3001, supra, is a general prohibition of invasion of privacy which relates to all persons without regard to whether they are parties to the conversation itself. This construction gives meaning and effect to all provisions of Code Ch. 26-30. It is true that one does not "intercept" or "overhear" a conversation which is made directly to him, but one may "transmit" or "record" that message. In construing a statute, great weight must be given to the plain meaning of the words used in an effort to determine the intent of the legislature. *Garren v. Southland Corp.,* 235 Ga. 784, 785 (221 SE2d 571). Here, the clear language of Code Ann. § 26-3001, supra, is that "[i]t shall be unlawful for *any* person," (emphasis supplied) to commit the specified invasions of privacy. See also *Bauer International Corp. v. Cagles, Inc.,* 225 Ga. 684, 686 (1) (171 SE2d 314).

The decision in *Cross v. State,* supra, places

considerable reliance upon the similarity of its construction of Code Ann. § 26-3001, supra, and the minimum protection of privacy provided by the Fourth Amendment to the Constitution of the United States (Code Ann. § 1-804; USCA Const. Amend. 14) as construed in United States v. White, 401 U. S. 745 (91 SC 1122, 28 LE2d 453), and Lopez v. United States, 373 U. S. 427 (83 SC 1381, 10 LE2d 462). Reference to minimum constitutional protections is often a useful tool in the construction of statutes, but no presumption should arise that our legislature has not provided greater protection for our individual liberties than the minimum safeguards provided by the Constitution of the United States.

Unlike *Ansley v. State,* 124 Ga. App. 670, 674 (4) (185 SE2d 562), and *Humphrey v. State,* 231 Ga. 855, 862 (204 SE2d 603), the transmission and recording of the conversations in this case were not authorized by Code § 26-3006, an exception to Code Ann. § 26-3001, supra. The messages did not constitute the commission of a crime and were not, as the state contends, directly in the furtherance of a crime. It is uncontroverted that the police file had been destroyed and the crime completed prior to the arrest of Dominick. Any conspiracy to conceal the fact that a crime had been committed was also terminated by Dominick's confession and cooperation with the law enforcement personnel. See *Crowder v. State,* 237 Ga. 141, 153 (227 SE2d 230).

3. However, the Supreme Court in *Mitchell v. State,* 239 Ga. 3, supra, has adopted by per curiam decision the construction stated in *Cross v. State,* supra, in a minority opinion of three justices with three justices specially concurring and one justice concurring in the judgment only. As noted in the special concurrence three of the justices have rejected the decision in *Cross v. State,* supra, and approve of the opinion in *State v. Guhl,* supra, but they concurred in the judgment because appellant had a right to rely on the *Cross* case at the time of the incident as it was the only appellate court decision on this subject in Georgia, and the appellant should not be prosecuted since he had a right to rely on *Cross.*

Unlike *Mitchell v. State,* supra, this case does not deal with a citizen being prosecuted for a criminal offense

where he has presumably relied upon an appellate court decision. Therefore, we lack clear guidance upon this issue from the Supreme Court, it appearing that three justices would adopt *Cross v. State* (a Court of Appeals case), while three would reject *Cross*, and the seventh has expressed no opinion.

Examining the question in the absence of certain guidance from the Supreme Court we note that the rejection of the *Cross v. State* decision does not deny law enforcement agents the use of electronic eavesdropping devices under appropriate circumstances and control. See Code Ann. § 26-3004 (Ga. L. 1972, p. 615; 1972, pp. 952, 953). We believe that the intent of the legislature is best revealed by the plain language of the statute as examined in this opinion, and we agree with the statement of Justice Ingram in his special concurrence that the General Assembly meant what it said in the statute. Inasmuch as the opinion of the Supreme Court, which certainly should control, is indefinite and uncertain, we must apply to that decision our interpretation which makes it compatible with the statutory law. We reverse the judgment of the lower court as the electronic eavesdropping evidence should have been suppressed.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED FEBRUARY 28, 1977 — DECIDED JUNE 28, 1977 — REHEARING DENIED JULY 7, 1977 —

*Douglas C. Vassy, Al Horn, Jim Jenkins, Cook & Palmour, Bobby Lee Cook, A. Cecil Palmour,* for appellant. *William F. Lee, Jr., District Attorney,* for appellee.