## 52544. MITCHELL v. THE STATE.

WEBB, Judge.

1. The Supreme Court granted certiorari in this case[1] to review our holding that a party to a telephone conversation commits a criminal act under Criminal Code § 26-3001(a) by secretly recording the conversation where the message does not come under any exception set out in Code § 26-3006 and no warrant was obtained. *State v. Mitchell,* 140 Ga. App. 23, 26 (2) (230 SE2d 22) (1976). Mitchell had contended that based upon the holding in *Cross v. State,* 128 Ga. App. 837 (1) (198 SE2d 338) (1973), Code § 26-3001 did not apply to a party to the conversation. Observing that *Cross* held that the conversation involved there came under a Code § 26-3006 exception since the message constituted the commission of a crime, which distinguished it from the *Mitchell* case, and, on public policy and right to privacy grounds, adopting the reasoning of the concurring opinion (128 Ga. App. 842), we reversed the grant of Mitchell's motion to suppress evidence and affirmed the ruling of the trial court that probable cause existed so as to justify the issuance of a search warrant.

The Supreme Court reversed this court, determining that we had "refused" to apply the doctrine of stare deci-

---

[1]*Mitchell v. State,* 239 Ga. 3 (1977).

sis[2] and had reinterpreted a criminal statute more than three years later to criminalize conduct which had previously been held not to be a crime. While this was not our intention, it having been explicitly stated that *Cross* was distinguishable on its facts and thus not controlling, we nevertheless agree that due process standards preclude retroactive application of "an unforeseeable judicial enlargement of a criminal statute." Bouie v. City of Columbia, 378 U. S. 347, 353 (84 SC 1697, 12 LE2d 894) (1964).

This doctrine, which the Supreme Court apparently was groping to express, was succinctly explained by the United States Supreme Court in a recent decision involving transportation of obscene materials prior to that court's opinion in Miller v. California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419) (1973): "The Ex Post Facto Clause is a limitation upon the powers of the legislature, see Calder v. Bull, 3 Dall. 386 (1 LE 648) (1798), and does not of its own force apply to the Judicial Branch of Government. Frank v. Mangum, 237 U. S. 309, 344 (59 LE 969, 35 SC 582) (1915). But the principle on which the clause is based—the notion that persons have a right to fair warning of that conduct which will give rise to criminal penalties—is fundamental to our concept of constitutional liberty. See United States v. Harriss, 347 U. S. 612, 617 (98 LE 989, 74 SC 808) (1954); Lanzetta v. New Jersey, 306 U. S. 451, 453 (83 LE 888, 59 SC 618) (1939). As such, that right is protected against judicial action by the Due Process Clause of the Fifth Amendment." Marks v. United States, — U. S. — (97 SC 990, 992, 51 LE2d 260) (1977).[3]

2. In its per curiam decision a minority of three Justices adopted the holding of *Cross v. State,* 128 Ga.

---

[2] But see *Hall v. Hopper,* 234 Ga. 625, 631 (216 SE2d 839) (1975).

[3] Marks was decided March 1, 1977, subsequent to our opinion in the instant case where motion for rehearing was denied on October 18, 1976. The final Supreme Court opinion was entered on May 12, 1977, vacating its first judgment of April 5, 1977, on motion for rehearing.

App. 837, supra; three Justices concurred specially, approving this court's interpretation of the statute in *State v. Mitchell,* 140 Ga. App. 23, supra, but concurring as to retroactive application; and one Justice concurred in the judgment only, expressing no opinion. Thus, lacking positive direction from the Supreme Court, we adhere to our construction of the statute, believing that the manifest intent of the legislature is revealed by its plain and unambiguous language that "any person" is prohibited from intentionally transmitting or recording in a clandestine manner the private conversation of another person which originates in a private place unless one of the statutory exceptions is met. Code Ann. § 26-3001 (a). Compare *Birge v. State,* 142 Ga. App. 735 (3) (1977).

Because Mitchell was entitled to rely on the previous *Cross* construction of the statute, the trial court erred in concluding that the affidavits upon which the search warrant for the tape recordings was issued showed on their faces that Code Ann. § 26-3001 had been violated, or that probable cause for issuance of a search warrant existed on October 17, 1975. That part of the judgment so holding is accordingly reversed. Like conduct subsequent to the date of this decision, however, will be grounds for criminal prosecution under Code Ann. § 26-3001 (a).

*Judgment reversed in the cross appeal. Deen, P. J., and Quillian, P. J., concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED
JULY 13, 1977.

*Donald A. Weissman,* for appellant.

*M. Randall Peek, District Attorney, Thomas O. Duvall, Jr., Leonard W. Rhodes, Assistant District Attorneys,* for appellee.