**William Howard CROSS, Sr.,
Petitioner-Appellant,**

v.

**The STATE OF GEORGIA,
Respondent-Appellee.**

**No. 76–4379.**

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1978.

Rehearing Denied Nov. 8, 1978.

Theodore S. Worozbyt, Atlanta, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., G. Stephen Parker, John C. Walden, Asst. Attys. Gen., Robert S. Stubbs, II, Exec. Asst. Atty. Gen., Richard L. Chambers, 1st Asst. Atty. Gen., Harrison Kohler, Asst. Atty. Gen. of Ga., Atlanta, Ga., for respondent-appellee.

Before JONES, GODBOLD and GEE, Circuit Judges.

JONES, Circuit Judge:

The appellant, William Howard Cross, Sr., was indicted for bribery, convicted and given a five year sentence in the DeKalb County, Georgia Superior Court. His defense was entrapment. The conviction was affirmed by the Georgia Court of Appeals. 136 Ga.App. 400, 221 S.E.2d 615. The Supreme Court of Georgia denied certiorari.

A short time before the occurrence for which Cross was convicted he gave four fifty dollar bills to his codefendant, Harold Johnson, with an instruction to give the money to Police Sergeant Wendell McGlamory of the DeKalb County Police Department as a belated Christmas gift. Sergeant McGlamory refused to accept the money. Detective Robert W. Young of the Police Department, and Johnson arranged by telephone for a meeting with Cross at an agreed location. Detective Young went to the meeting with a concealed microphone and radio transmitter. Two other officers in a nearby police car received and taped the conversation from Detective Young's transmitter.

Following a brief discussion, Cross said, "How about let's making a deal? I'll give you two hundred dollars now, two hundred dollars on the twenty-fifth of each month, and if you give me information concerning a known figure I'll get you a bonus, or a piece of pie from him, and I'll handle that." Young testified that Cross took two hundred dollar bills from his pocket and gave them to Young. This conversation was taped by the officers in the police car.

Cross was indicted and charged with the offense of bribery of a police officer. He admitted the acts charged, and asserted entrapment as a defense. Cross was convicted and sentenced to five years imprisonment.

Cross appealed from the denial by the trial court of his motion to suppress the tape recording and the testimony of the three police officers on the ground that this evidence constituted an illegal search and seizure of his conversation because there was no application for, or issuance of, a warrant authorizing electronic eavesdropping under Georgia Code Ch. 26–3000 et seq. The Georgia Court of Appeals rejected this argument. *Cross v. Georgia,* 128 Ga. App. 837, 198 S.E.2d 338. The Supreme Court of Georgia affirmed. *Cross v. Georgia,* 233 Ga. 960, 214 S.E.2d 374. His appeal

from the denial of an extraordinary motion for a new trial was consolidated in the Georgia Court of Appeals with the appeal from the judgment of guilt and sentence. *Cross v. Georgia,* 136 Ga.App. 400, 221 S.E.2d 615. Cross has had process in abundance. Whether he has had due process is the issue before this Court.

■■■ At the hearing before the district court Cross asserted two claims. His first contention was that the state trial court had deprived him of Sixth and Fourteenth Amendment rights by refusing to admit evidence tendered by him which, he asserts, supported his defense of entrapment. The district court ruled against Cross stating that he "failed to establish the minimum requirements for the defense of entrapment and it does not appear to the Court that the trial court made such a grievous error as to ignore petitioner's rights on this issue." Before the Court this question is somewhat differently stated. Here the question is said to be "May a 'bribery' defendant who pleads entrapment by coercion attempt to negate his 'predisposition' by showing other acts of coercion by the 'bribed' police officers?" The conduct of the officers in unrelated matters is not pertinent to the issue of the predisposition of the appellant. *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113; *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366. We need not decide whether the issue here presented is of Constitutional dimensions. See *United States v. Russell, supra.* There is no Fifth Amendment due process bar to the conviction of the offense of bribery of police officers who anticipated the offense by electronic taping of the incident. *Hampton v. United States, supra.*

The other claim of the appellant is thus stated, "Did the undisputed extrajudicial investigative and prosecutorial activity of the trial court deny appellant a trial by a fair and impartial tribunal?"

■■■ A witness subpoena had been issued for Marshall Blalock. Counsel for Cross sought the arrest of Blalock and represented that Blalock would not respond to a subpoena. The judge issued the order for the arrest of Blalock in which bond was fixed for his appearance as a witness, but before doing so the judge telephoned an employee of the person with whom Blalock had been residing. Blalock went to Florida. Whether he went before or after the telephone call was not shown. Whether the substance of the call was made known to Blalock was not shown. Cross did not meet his burden of showing that he was prejudiced by the injudicious telephone call of the trial judge.

■■■ The trial judge, before the trial, with a prosecuting attorney and others, listened to the playing of the tape recording of the "bribe". He also examined the polygraph tests of the officers. Cross contends that these actions were improper and evidenced prejudice on the part of the judge. Due process requires a fair trial before a fair and impartial judge. The conduct of the trial judge during the trial is the measure by which prejudice to the litigant is determined. The district court held that Cross was not prejudiced by the actions of the trial judge. We agree with this determination.

Cross was not deprived of any due process right to a fair trial. The judgment of the district court is

AFFIRMED.

GODBOLD, Circuit Judge, specially concurring:

I concur in the result but with this additional statement.

I agree that Cross was not entitled to introduce evidence tending to show unrelated efforts by the officers to coerce payoffs from other persons, offered on the theory that it negated Cross' predisposition to commit the bribery offense. In other circumstances such evidence might be admissible as circumstantial evidence of governmental involvement[1] or as impeaching the credibil-

---

1. *U. S. v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1974) and *Hampton v. U. S.,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), did not eliminate governmental activi-

ity of the officers, but Cross disclaims any such purpose in this case.

Some of the evidence proffered by Cross and not admitted was not "unrelated." If believed, it would have tended to show efforts by the police officers to coerce Cross through others. As noted by the Georgia Court of Appeals in Cross' merits appeal:

> The claim of entrapment was based upon testimony which tended to show the police officers McGlamery and Young were, through others importuning and inviting Cross to pay the money for protection and information as to raids, etc.

*Cross v. State,* 136 Ga.App. 400, 221 S.E.2d 615, 618 (1975). Such evidence was entitled to be considered, not as negating Cross' predisposition but as tending to show governmental involvement. The trial court was, however, entitled to reject the proffered evidence as too tenuous and remote to submit to the jury on the governmental involvement issue. I cannot say that excluding it was error, or if error that it rose to constitutional dimensions.

I agree that on the facts of this case due process does not bar the conviction of the offense of bribery of the police officers who anticipated the defense and electronically taped the incident. I do not understand the court to be holding any more than that. *Hampton v. U. S.,* which is cited as authority for the holding on this point, is not authority that there can never be a due process bar to a police-induced offense of a predisposed person. The opinion of Justice Rehnquist in *Hampton,* advancing the view that due process is not involved when the defendant is predisposed, was joined in by only two other justices. Justices Powell and Blackmun concurred in the result but declined to join in Justice Rehnquist's discussion concerning the predisposed defendant. Three justices dissented on the

ground, unrelated to the point I make here, that where a government agent sets up the defendant by supplying him with contraband and then brings in a potential purchaser the defendant is entrapped as a matter of law. See the discussion of this point in *U. S. v. Tate, supra.*

ty from entrapment law. *U. S. v. Tate,* 554 F.2d 1341, 1344 (CA5, 1977). Without governmental activity entrapment does not become an issue. Now, as before, the purpose of the law of entrapment is curbing governmental activity so excessive as to be unacceptable to a civilized society. *Id.* The sufficiency of the evidence of governmental activity is a question of law for

the court in the first instance. *Id.; Pierce v. U. S.,* 414 F.2d 163, 168 (CA5, 1969). If the court concludes that there is sufficient evidence of governmental involvement to submit the entrapment issue to the jury, the jury must consider both the inducing governmental involvement and defendant's predisposition. *Id.*