## McALLISTER *v.* THE STATE.

Construing section 122 of the Penal Code strictly, there was no evidence to show that the accused *enticed, persuaded,* or *decoyed* the employee to leave the service of his employer, or that the accused had knowledge, before the time the employee quit the service of the prosecutor that the contract of employment between the employee and the prosecutor had not expired.

Argued April 17, — Decided May 10, 1905.

Certiorari.    Before Judge Lewis.    Morgan superior court.
March 15, 1905.

*M. C. Few,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* and *E. W. Butler,* contra.

SIMMONS, C. J.    The record discloses that Malone, the prosecutor, had employed a servant by the name of Jackson as a farm laborer for a period of six months, at ten dollars per month, the service to commence January 1, 1904, and to end June 30, of the same year; that the servant remained with Malone until the latter part of March when he quit,— at what particular time is not disclosed by the record, the prosecutor testifying that the first he knew of Jackson's leaving his employ was the day upon which McAllister, the accused, helped Jackson move his household goods away from the premises of Malone.    On that day Jackson, driving one of the accused's wagons, and a servant of McAllister driving another, came to the farm of Malone for the purpose of removing Jackson's goods to the place of McAllister.    Malone forbade the employee of the accused to go upon his premises for that purpose, when McAllister appeared and, over the objections of Malone, who informed him that Jackson was under contract of employment with him (Malone), assisted Jackson in loading and removing the goods, saying that if Jackson was going to move, he (McAllister) would move him.    Some time thereafter Malone went to the farm of the accused and said he wanted Jackson, and that if he did not get him he would "use the law on him," to which McAllister replied that if Jackson was convicted, he (McAllister) would pay the fine.    The accused stated in his defense that Jackson came to him seeking employment, and that he hired him not knowing that he was in the employ of Malone.

It will be seen from this statement of facts that the only evidence against the accused was that after Jackson quit the service of Malone, McAllister employed him and removed his household goods from the premises of the prosecutor to his own, over the protest of Malone.    In the case of *Broughton* v. *State,* 114 *Ga.* 34, this court held that "An essential element of the offense defined in section 122 of the Penal Code is *enticing, persuading, or decoying* the servant of another to leave his employer during his term of service, and proof of such facts as established that the

accused did one of these things is essential to sustain a conviction of the offense therein defined.    Hence, a conviction under this section can not lawfully stand where the evidence in this regard shows no more than that the servant left the place of his employment in company with the accused."    It will thus be seen that the construction which the court has put upon this section of the Penal Code is that the enticing, persuading, or decoying is an essential element of the offense, and that one, at least, of the three must be proved.    There is not a word of proof that McAllister had ever done anything in the nature of enticing, persuading, or decoying Jackson away from the service of Malone.    Indeed the only fact disclosed by the record upon the subject is that Jackson had applied to the accused for employment, and that the latter, not knowing of his contract with Malone, employed him.    There is nothing but this in the record to show any conversation between the servant and the accused, and this was after Jackson had quit the service of Malone.    We do not think the mere fact that McAllister sent his wagons and helped Jackson to move his household goods to his own farm, even though over the protest of Malone, was sufficient of itself to show that the accused had enticed, or persuaded, or decoyed Jackson away from the service of his employer.    The words used in the statute, " entice, persuade, or decoy," indicate that there must be some word or act of incitement or inducement on the part of the offender, whereby he *influences* the will of the servant so that the latter becomes dissatisfied with his employment and is allured away.    That Jackson of his own volition quit the service of his employer and was then hired by the accused and by him assisted in moving his household effects is not enough to authorize a conviction under the statute, unless it be shown that the servant was prompted to leave his employer by the accused.    But it was argued, if this is not sufficient, it will be impossible to convict any one under this statute.    That may be true, but the courts can not bend the construction of a statute in order to assist the State in making out a case if the statute does not authorize such a construction.    The legislature has laid down as an essential element of this offense the *enticing, persuading, or decoying,* of the servant of another, one of which must be present in the commission of the offense. It could have provided that the facts in the present case would

make a prima facie case against the accused, as it has provided in several other statutes that certain facts are prima facie evidence of guilt. Penal statutes are to be construed strictly, and a sufficient answer to the *argument ab inconvenienti* is *ita lex scripta est.* The court below erred in overruling the certiorari, and the judgment is therefore

*Reversed. All the Justices concur, except Candler, J., absent.*