## 1100.   BRIGHT *v.* THE STATE.

1. Under the provisions of § 122 of the Penal Code, one may be convicted of an attempt to entice away the servant, cropper, or farm laborer of another, although the attempt be not successful, and the servant, cropper, or farm laborer does not actually leave the service of his employer. One accused of enticing, persuading, or decoying may also, where the evidence authorizes, be convicted of the attempt, under § 1035 of the Penal Code.

2. The evidence authorized the verdict. No error of law is assigned, and it was not error to refuse a new trial.

Accusation of misdemeanor, from city court of Albany—Judge Crosland.   March 24, 1908.

Submitted April 21,—Decided May 7, 1908.

*L. W. Nelson,* for plaintiff in error.

*John D. Pope, solicitor,* contra.

RUSSELL, J. The defendant, Harry Bright, was, by accusation, charged with a misdemeanor, in that, by offering higher wages, he attempted to entice, persuade, and decoy Robert Brown and Cleveland Sweet, farm laborers of Virginia Harris, to leave her while they were under contract with her and after they had actually entered upon her service, and during the term of their service, knowing that they were employed by her. The jury found the defendant guilty. After his conviction he moved for a new trial, upon the general grounds; and he now excepts to the judgment overruling his motion.

The specific point insisted upon by counsel for plaintiff in error is, that there was no evidence to show that there was any inducement offered by the plaintiff in error, or any words spoken by him whereby he influenced the will of the servants, so that they became dissatisfied with their employment, or were lured away. It is further insisted that the verdict of guilty is contrary to the evidence because it does not appear that the laborers ever left their employer, the prosecutor, or became dissatisfied by reason of the alleged attempt to decoy them away. Counsel for the plaintiff in error rely upon the decisions in *McAllister* v. *State,* 122 *Ga.* 744-747 (50 S. E. 921), and *Hudgins* v. *State,* 126 *Ga.* 641 (55 S. E. 492), as authority for these positions. Neither of these cases is in point. In the *McAllister* case the judgment was reversed because there was no evidence to show that the accused enticed, persuaded, or decoyed the employee to leave the service of his employer, or that the accused knew that the contract between the employee and the prosecutor had not expired. It appears from the record in the *McAllister* case that the defendant in that case was charged with having actually enticed, persuaded, and decoyed the employee to leave his employer, whereas in the present case the defendant is charged only with attempting to entice, persuade, and decoy. For that reason the ruling, that "the words used in the statute, 'entice, persuade, or decoy,' indicate that there must be some word or act of incitement or inducement on the part of the offender, whereby he influences the will of the servant so that the latter becomes dissatisfied with his employment and is allured

away," is not pertinent to this case. In the *McAllister* case the decision turned really upon the fact that there was no evidence that the employee did not leave his employer's service of his own accord. But even if the court had held the evidence sufficient upon this point, as the defendant was charged with having persuaded or decoyed the prosecutor's servant away, it necessarily followed that the State was obliged to show that he left his employer. It is not necessary to show, however, that the attempt was successful, where the accusation charges only an attempt to entice or decoy. On the contrary, when the effort to entice, persuade, or decoy the servant of another is successful, the attempt passes into the offense of actually enticing and decoying.

When Judge Cobb, delivering the opinion in the *Hudgins* case, supra, said that the ingredients of the offense defined by § 122 of the Penal Code include "the actual leaving by the servant the employment before the term of service has expired," he was also treating of an accusation for the actual enticing and decoying away of a servant. Of course, in such a case as above stated, it was necessary that the servant should have left his master's employment before the offense of enticing was complete. Not so, however, where an enticing or decoying is attempted. This is an offense whether the one who attempts to persuade and decoy away a servant succeeds or not. In the present case the attempt only was charged; and it is expressly within the provisions of § 122 of the Penal Code: "If any person shall, by offering higher wages or in any other way, entice, persuade or decoy, or attempt to entice, persuade or decoy any servant, cropper, or farm laborer, whether under a written or parol contract, after he shall have actually entered the service of his employer, to leave his employer during the term of service, knowing that said servant, cropper or farm laborer was so employed, he shall be guilty of a misdemeanor."

The evidence in behalf of the State showed, that there was a contract between the prosecutor and the servants or farm laborers named in the accusation, for the year 1908, at $10 a month each; that these servants had actually entered the service of the employer, and that in order to induce them to leave the prosecutor the defendant offered to pay them $12 a month, instead of the $10 per month for which they were working. There was also evidence that the defendant offered, as an additional inducement to one of

the laborers, to let him marry his daughter. The defendant was prosecuted before the farm laborers left their employer, but the evidence of the attempt to decoy them away from their employer, after knowledge of the contract and during its existence, was ample to authorize conviction, and there was no error in refusing a new trial.                      *Judgment affirmed.*