## 31847. MITCHELL v. THE STATE.

PER CURIAM.

This court granted certiorari to review a decision of the Court of Appeals holding that a party to a telephone conversation commits a criminal act under Code § 26-3001 (a) by secretly recording the conversation where the conversation does not come under any exception set out in Code § 26-3006 and no warrant was obtained.

Code § 26-3001 (a) reads in pertinent part as follows: "Unlawful eavesdropping and surveillance—It shall be unlawful for: (a) any person in a clandestine manner to intentionally overhear, transmit or record, or attempt to overhear, transmit or record the private conversation of another which shall originate in any private place. . ."

In *Cross v. State,* 128 Ga. App. 837 (198 SE2d 338) (1973), the Court of Appeals held that Code § 26-3001 "does not apply to one who is a party to the conversation." Id. at p. 840. In the instant case, however, (*State v. Mitchell,* 140 Ga. App. 23 (230 SE2d 22) (1976)) and its companion cases, the Court of Appeals reinterpreted the Code section and reached an opposite conclusion, making Mitchell's conduct criminal.

1. Everyone would concede that it is at best unclear under Code § 26-3001 (a) whether the General Assembly of Georgia has made the recording of a telephone conversation by one of the parties a crime. Any criminal law should be plain and unambiguous and not dependent upon the current conflicting views of appellate judges. See Grayned v. Rockford, 408 U. S. 104, 109 (1971). It has always been the law that criminal statutes must be strictly construed against the state. *McAllister v. State,* 122 Ga. 744 (50 SE 921) (1905). It is also true that the ". . . legislative intent will prevail over the literal import of the words." *Carroll v. Ragsdale,* 192 Ga. 118 (15 SE2d 210) (1914). The word "record" found in Code § 26-3001 (a) must be construed with reference to the others words, "overhear" and "attempt to overhear," and the overall intent of the statute to make "eavesdropping and surveillance" of a conversation a criminal act, i.e., the

interception of the conversation by a third party. This is consistent with the caption of the Act which states that the purpose was "providing for the crimes of unlawful eavesdropping or surveillance . . ." with exceptions for certain types of "interception." Ga. L. 1968, pp. 1249, 1957.

A recent decision of this court construed the statute as *Cross* did, by stating that it was enacted to prescribe "criminal offenses for eavesdropping, surveillance, and the use of devices to *intercept* telephone or other private communications." *Orkin v. State,* 236 Ga. 176, 179-180 (223 SE2d 61) (1976). (Emphasis supplied.) The statute implicitly refers to persons who are not parties to the conversation. Examination of Code § 26-3006 lends further support to the conclusion that Code § 26-3001 relates to one who is *not* a party to the conversation. Code § 26-3006 must necessarily refer to third parties, because it allows "interception, recording *and* divulging" (emphasis supplied) in two specified instances. This "and" makes plain that this section deals solely with interception and acts following an interception. In legitimizing certain "interceptions," it necessarily relates only to third parties.

We adopt the construction of these statutes stated in *Orkin* and *Cross,* and disapprove the construction taken in *State v. Mitchell,* supra.

It is also contended that the interpretation given Code § 26-3001 (a) by the court violates some right of privacy. We disagree. No contention is made that this Code section in any way attempts to prohibit the revelation of the content of a telephone conversation by one of the parties to it. We have found no decision in any jurisdiction in the English speaking world that has made such a holding. The reason for our holding is well set out in a federal court opinion involving a defendant who telephoned a plaintiff and by means of wire-tapping at defendant's end of the phone recorded the conversation without plaintiff's knowledge or consent. Later the conversation was broadcast over the radio. Considering plaintiff's right of privacy claim, the court held that it had not been violated:

"[The defendant] did not secretly listen to a

conversation addressed to the ears of another. Thus, unless it is an invasion of a legally protected right of privacy for one party to a telephone conversation to reveal the content of that communication, wire-tapping by one party to a telephone conversation for the purpose of such a revelation cannot be an illegal invasion of privacy. It is unthinkable that the revelation of the content of a telephone conversation by one of the parties to it violates any legally protected right of privacy. Aside from a natural emotional revulsion which the use of such a device arouses, the fact of wire-tapping adds nothing to plaintiff's privacy claim." Chaplin v. National Broadcasting Co., 15 FRD 134 (SDNY 1953). The Supreme Court of the United States has also held that no right of privacy is violated since either party to a telephone conversation may record the conversation and publish it; "The communication itself is not privileged, and one party may not force the other to secrecy merely by using a telephone." Rathbun v. United States, 355 U. S. 107, 110 (1957). See also United States v. White, 401 U. S. 745 (1971).

In summary, it is our opinion that the General Assembly intended:

(1) Code § 26-3001 (a) to prohibit third parties from intercepting in a clandestine manner a private conversation between two or more parties; except under the conditions of

(2) Code § 26-3006, which allows a third party to intercept, record *and* divulge the conversation, (a) where the parties to the conversation consent, or (b) where the message is a crime or is directly in furtherance of a crime and one party to the conversation consents;

(3) Code § 26-3004 provides another permission for third party interception under specified circumstances and procedures where the interceptor is a law enforcement officer; and

(4) none of these Code sections prohibits the actual parties to the conversation from recording or divulging it.

2. An affirmance in this case would criminalize conduct which, under controlling authorities, was lawful at the time it was done. This is what the Court of Appeals has, in fact, done by refusing to apply the doctrine of stare

decisis which is particularly important in these circumstances.

The doctrine of stare decisis is usually interpreted to mean that the court should adhere to what it has previously decided and not disturb what is settled. It does not undercut the power of a court to overrule its previous decisions. On the contrary, it is a rule of policy tending to consistency and uniformity of decision and is not inflexible. The reason for the rule is more compelling in cases involving the interpretation of a statute. "Once the court interprets the statute, 'the interpretation . . . has become an integral part of the statute.' Gulf C. & S. F. R. Co. v. Moser, 275 U. S. 133, 136 . . .; Winters v. New York, 333 U. S. 507 . . . This having been done, [over a long period of history] any subsequent 'reinterpretation' would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute. The principle is 'particularly applicable where an amendment is presented to the legislature and . . . the statute is amended in other particulars.' " *Walker v. Walker,* 122 Ga. App. 545, 546 (177 SE2d 845) (1970).

The new Criminal Code was enacted in 1968. Code § 26-3001 (a) was interpreted by the Court of Appeals in *Cross* in 1973. The Code has been amended on many occasions over the past three years in other particulars; however, the interpretation of Code § 26-3001 (a) given by the *Cross* decision has not been changed by the legislature. Code § 26-3001 was itself amended at the 1976 session of the General Assembly. Ga. Laws 1976, p. 1100. However, the language construed by *Cross* remains the same.

Applying these principles, it would be incongruous for the Court of Appeals to reinterpret a criminal statute more than three years later to criminalize conduct that it had previously held not to be a crime. Absent the overruling of the *Cross* decision by this court or its repudiation by the legislature, the public had a right to rely upon the 1973 interpretation by the Court of Appeals that this conduct did not amount to the commission of a crime.

The Court of Appeals erred in reinterpreting the statute.

*Judgment reversed. All the Justices concur, except Nichols, C. J., Ingram and Hill, JJ., who concur specially, and Bowles, J., who concurs in the judgment only.*

ARGUED MARCH 14, 1977 — DECIDED MAY 12, 1977.

*Donald A. Weissman,* for appellant.
*M. Randall Peek, District Attorney,* for appellee.

INGRAM, Justice, concurring specially.

I disagree with the interpretation of Code Ann. § 26-3001 contained in the Per curiam opinion. In my view, the statute prohibits "any person" from intentionally transmitting or recording in a clandestine manner the private conversation of another person which originates in a private place unless one of the statutory exceptions is met. This is what the plain language of the statute provides and I take it the General Assembly meant what it said in the statute.

Of course, the statute covers persons who are not parties to the conversation, but it does not exclude (as it could have done) the parties to the conversation. The emasculated construction given by the majority amounts to a judicial license to tape private telephone conversations by private persons in private places. To my mind, this chills free speech and encourages a machine age attack on the precious right of privacy which has been sacred in Georgia since, at least, 1905. See *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68).

Thus, I would agree with the interpretation given the statute by the Court of Appeals in *State v. Mitchell,* 140 Ga. App. 23 (230 SE2d 22) (1976), and disapprove its earlier construction of the statute in *Cross v. State,* 128 Ga. App. 837 (198 SE2d 338) (1973). However, I concur in the judgment of the court in this case because appellant had a right to rely on the *Cross* case at the time of the incidents here involved and it would be unfair to prosecute appellant based on this court's disapproval of the interpretation given the statute earlier in *Cross.*

I am authorized to state that Chief Justice Nichols

and Justice Hill concur in this special concurrence.