## 32740. THE STATE v. BIRGE.

BOWLES, Justice.

We granted certiorari in this case to consider the opinion of the Court of Appeals in the case of *Birge v. State,* 142 Ga. App. 735 (236 SE2d 906) (1977), and the specific question of whether or not Code Ann. § 26-3001 prohibits one party to a conversation from secretly recording or transmitting it without the knowledge or consent of the other party, where the conversation does not come under any exception set out in Code Ann. § 26-3006 and no warrant is obtained under Code Ann. § 26-3004.

We considered practically the same question in *Mitchell v. State,* 239 Ga. 3 (235 SE2d 509) (1977), with three Justices holding that a party is not prohibited under the Code section, three disagreeing, and one concurring in the judgment only, without expressing his views in writing.

We again hold that Code Ann. § 26-3001 does not prohibit one party to a conversation from secretly recording or transmitting it without the knowledge or consent of the other party. We conclude that the most reasonable interpretation of Code Ann. § 26-3001, and the intention of the legislature in adopting this and the related Code sections 26-3002 through 26-3010, is that it does not apply to one who is a party to the conversation. *Cross v. State,* 128 Ga. App. 837 (198 SE2d 338) (1974). Substantial reasons for our views have been stated in the majority opinions in *Cross v. State,* supra, and in *Mitchell v. State,* supra. The concurring opinion in *Mitchell,* taking

the opposite view, studiously avoids the word "overhear" which is the first prohibitive word in the Code section. Is it criminal in Georgia to overhear one's own conversation? How could you clandestinely overhear yourself?

To hold to the contrary would indeed curtail the free speech of each party to a private conversation. To reach such an illogical conclusion and interpretation could mean that one party to a telephone conversation could not intentionally record it (even by pencil) without advising the opposite party. For to do so in a clandestine manner would be a felony. Such could not be a correct pronouncement of the law. If one person is at liberty to repeat what another has said to him, and surely we all agree on this, unless privileged, how can one's freedom of speech be violated by mechanically assuring accuracy between private conversationalists?

The defendant here was obviously guilty of a serious crime. He had no right to rely on privacy of any of his conversations with his co-conspirators. They were under no legal duty to him not to record or divulge what he said. See Hoffa v. United States, 385 U. S. 293 (1966); United States v. White, 401 U. S. 745 (1970); and *Orkin v. State,* 236 Ga. 176 (223 SE2d 61) (1976).

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent.*

ARGUED NOVEMBER 14, 1977 — DECIDED JANUARY 3, 1978 — REHEARING DENIED JANUARY 18, 1978.

*William F. Lee, Jr., District Attorney,* for appellant. *Cook & Palmour, A. Cecil Palmour,* for appellee. *Tony H. Hight, J. Robert Sparks,* amicus curiae.

HILL, Justice, dissenting.

Code § 26-3001 provides in subpart (a) that "It shall be unlawful for: (a) any person in a clandestine manner to intentionally overhear, transmit, or record, or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place. . ." The three types of conduct referred to are "overhear, transmit

or record." The majority reason that because a party to a conversation cannot "overhear" it in a clandestine manner, it follows that Code § 26-3001, subparts (b) through (f), and Code §§ 26-3002 through 26-3010 do not apply to a person who is a party to the conversation. The majority let a single word, "overhear," control the construction of the entire chapter of the Code. Generally the intention of the legislature is to be gathered from the statute as a whole, rather than from a single word.

A person can intentionally "record" in a clandestine manner a private conversation to which that person is a party. This is particularly so as to a telephone conversation. The General Assembly's intent to prohibit the clandestine recording of a telephone conversation by a party to that conversation is confirmed as being correct by Code § 26-3006 which provides: "Nothing in section 26-3001 shall prohibit the . . . recording . . . of a message sent by telephone . . . when the sender and receiver thereof shall expressly or impliedly consent thereto or in those instances wherein the message shall be initiated or instigated by a person and the message shall constitute the commission of a crime or is directly in the furtherance of a crime, provided at least one party thereto shall consent." By their "one word controls everything" construction, the majority render meaningless the provisions of Code § 26-3006 insofar as the parties to the conversation are concerned.

I am authorized to state that Chief Justice Nichols joins in this dissent.