A90A1862. SHEPPARD v. REID.
(402 SE2d 793)

BANKE, Presiding Judge.

The appellant instituted a paternity action against the appellee, seeking to have him declared the father of her two children. The case was tried before a jury, which returned a verdict in favor of the appellee. The case is before us pursuant to our grant of the appellant's application for a discretionary appeal from the denial of her motion for new trial. The sole issue on appeal is whether the trial court erred in prohibiting the appellant from using a tape recording of a conversation between herself and the appellee, made while the two of them were alone in a car, to impeach the latter's testimony that he was not the father of the children. *Held:*

In concluding that the recording could not be used for impeachment purposes, the trial court relied on Division 3 of *Ransom v. Ransom*, 253 Ga. 656 (324 SE2d 437) (1985), wherein the Georgia Supreme Court held that a wife's private telephone conversations with a third person, recorded by her husband without her knowledge or consent in violation of OCGA § 16-11-62 (1), could not be used against her in a divorce trial for the purpose of impeachment. See OCGA § 16-11-67. However, that case has no applicability to the present situation, since OCGA § 16-11-62 does not prohibit the recording of a conversation by one of the actual parties thereto. See *Mitchell v. State*, 239 Ga. 3 (1) (235 SE2d 509) (1977); *Evans v. State*, 252 Ga. 312, 318 (314 SE2d 421) (1984). Accordingly, we hold that the trial court erred in excluding the tape recording.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1991.

*Charles R. Sheppard*, for appellant.
*O. L. Collins*, for appellee.