## A00A1780. MALONE v. THE STATE.
### (541 SE2d 431)

BLACKBURN, Presiding Judge.

Richard Marvin Malone, Jr. appeals, on interlocutory grant, the trial court's denial of his motion to suppress an audiotape of his phone conversation with J. C., a minor. Malone was charged below with aggravated child molestation and statutory rape of J. C. Because J. C. gave prior consent to recording the conversation between her and Malone, the recording does not violate OCGA § 16-

---

[1] *Anderson v. State*, 206 Ga. App. 354, 356 (3) (426 SE2d 6) (1992).
[2] *Rogers v. State*, 210 Ga. App. 164, 165 (435 SE2d 457) (1993).

11-62, and we affirm the trial court.

In reviewing a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court. Where the evidence is uncontroverted and there is no question concerning the credibility of witnesses, we conduct a de novo review of the trial court's application of law to the undisputed facts. *State v. Stearns;*[1] *Vansant v. State.*[2]

The pertinent facts here are not in dispute. It was rumored that J. C. and Malone were sexually involved. Cherrie Collins, J. C.'s mother, however, refused to believe the rumors until J. C. invited her to listen in on a phone conversation between Malone and her. Shortly thereafter, J. C. and Collins decided to tape subsequent conversations with Malone to obtain proof of the sexual relationship. After obtaining a tape recorder, one of Collins' friends installed the tape recorder on a phone at another friend's house. J. C., who had consented to the taping, then placed a call to Malone, and their conversation was recorded.

Malone was charged with statutory rape, aggravated child molestation, criminal attempt to commit child molestation, and child molestation. Malone filed a motion to suppress the audiotape, which the trial court denied. Malone contends that the tape is not admissible pursuant to OCGA § 16-11-62. See OCGA § 16-11-67.

Although OCGA § 16-11-62 prohibits the recording or taping of private telephone conversations, it does not prohibit a party to the conversation from recording it. OCGA § 16-11-66 (a); *Mitchell v. State;*[3] *State v. Birge;*[4] *Fetty v. State.*[5] OCGA § 16-11-66 (b), however, specifically addresses taping a conversation in which a child under 18 years of age is a party. Such Code section provides, in pertinent part:

> After obtaining the consent required by this subsection, the telephonic conversations or electronic communications to which a child under the age of 18 years is a party may be recorded and divulged, and such recording and dissemination may be done by a private citizen, law enforcement agency, or prosecutor's office. Nothing in this subsection shall be construed to require that the recording device be activated by the child. Consent for the recording or divulging of the conversations of a child under the age of 18 years

---

[1] *State v. Stearns*, 240 Ga. App. 806 (524 SE2d 554) (1999).
[2] *Vansant v. State*, 264 Ga. 319 (1) (443 SE2d 474) (1994).
[3] *Mitchell v. State*, 239 Ga. 3 (235 SE2d 509) (1977).
[4] *State v. Birge*, 240 Ga. 501 (241 SE2d 213) (1978).
[5] *Fetty v. State*, 268 Ga. 365 (489 SE2d 813) (1997).

conducted by telephone or electronic communication shall be given only by order of a judge of a superior court upon written application, as provided in subsection (c) of this Code section, or by a parent or guardian of said child as provided in subsection (d) of this Code section.

In the present case, J. C. was fully aware that the conversation was being taped. J. C. testified that she voluntarily participated in the recording of her conversation; in fact, she encouraged it. Since J. C., a party to the conversation, gave prior consent to the recording, OCGA § 16-11-62 does not apply. *Fetty*, supra; *Birge*, supra.

Malone, relying on OCGA § 16-11-66 (b), argues that J. C. cannot give consent, but rather that an order of court is required. Malone's reliance on OCGA § 16-11-66 (b) is misplaced, our Supreme Court having rejected a similar argument in *Fetty*, supra. In that case, Fetty had a telephone conversation with the friend of his former girlfriend in which he admitted having gone to the girlfriend's home with a gun, intending to kill her. Unbeknownst to Fetty, the conversation was recorded by the friend. Later, the recording was given to the police after the girlfriend was murdered. Fetty argued that the recording was prohibited by OCGA § 16-11-66 (b) because he was a minor when the recording was made, and the recording was made without his consent or the approval of a judge. Our Supreme Court rejected that argument, holding that OCGA § 16-11-66 "applies only to a third party's interception of telephone conversations and does not prohibit the actual parties to such conversations from recording and divulging them." *Fetty*, supra at 367.

Malone relies on *Bishop v. State*[6] in support of his argument that OCGA § 16-11-66 (b) prohibited the recording. In *Bishop*, however, the minor child had not consented to the recording of a telephone conversation at the time of the conversation. This Court held that the parents of a minor child could not vicariously consent to the recording of private telephone conversations on behalf of the child. Id. at 522. That holding has no application in the present case since J. C. consented to the recording. Malone relies on dicta in the opinion in which the Court stated that "the *only* person who can consent to an interception is a superior court judge, although the judge also must have the consent of the minor child." Id. *Bishop*, however, did not address the Supreme Court's holding in *Fetty* or the issue in the present case.

We note that subsequent to *Bishop* and after the recording at issue here, the General Assembly amended OCGA § 16-11-66, effec-

---

[6] *Bishop v. State*, 241 Ga. App. 517 (526 SE2d 917) (1999).

tive April 20, 2000, to permit parents, as third parties, to intercept and tape under certain circumstances telephone conversations to which their minor children are parties. OCGA § 16-11-66 (d).[7] It is unnecessary to address the issue of whether the amendment applies retroactively since here the minor party to the conversation consented to having the conversation recorded. See *Fetty*, supra; OCGA § 16-11-66 (a).

   *Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 1, 2000 —
RECONSIDERATION DENIED NOVEMBER 22, 2000.

   *Hogue & Hogue, Franklin J. Hogue*, for appellant.
   *Charles H. Weston, District Attorney, Dorothy A. Vinson, Nancy S. Moskaly, Assistant District Attorneys*, for appellee.

---

[7] OCGA § 16-11-66 (d) provides:
The provisions of this article shall not be construed to prohibit a parent or guardian of a child under 18 years of age, with or without the consent of such minor child, from monitoring or intercepting telephonic conversations of such minor child with another person by use of an extension phone located within the family home . . . for the purpose of ensuring the welfare of such minor child. If the parent or guardian has a reasonable or good faith belief that such conversation . . . is evidence of criminal conduct involving such child as a victim or an attempt, conspiracy, or solicitation to involve such child in criminal activity affecting the welfare or best interest of such child, the parent or guardian may disclose the content of such telephonic conversation . . . to the district attorney or a law enforcement officer. A recording or other record of any such conversation or communication made by a parent or guardian in accordance with this subsection that contains evidence of criminal conduct involving such child as a victim or an attempt, conspiracy, or solicitation to involve such child in criminal activity shall be admissible in a judicial proceeding except as otherwise provided in subsection (b) of this Code section.