A08A0557. GAVIN v. THE STATE.
(664 SE2d 797)

PHIPPS, Judge.

We granted Lamar Gavin's application for interlocutory review of the trial court's denial of his general demurrer. A general

---

demurrer challenges the sufficiency of the substance of an indictment.[1] "[T]he true test of the sufficiency of an indictment to withstand a general demurrer . . . is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective."[2] Because the trial court correctly determined that Gavin cannot, we affirm.

The allegations giving rise to this case are as follows. A videotape recorded on July 23, 2006 by Gavin while inside his neighbor's home captured the neighbor apparently asleep, unconscious, or "passed out," alone on her sofa in her living room. Another portion of the tape showed Gavin engaged in sexual intercourse with the woman in her bedroom. When the woman was made aware of the tape, she complained to authorities that Gavin's presence in her home, the sexual act, and the videotaping had been without her consent and knowledge.

Gavin was charged in a four-count indictment with: (1) burglary of his neighbor's home with the intent to rape her; (2) rape of his neighbor; (3) "eavesdropping and surveillance" in violation of OCGA § 16-11-62 in that he used "a video recorder, without the consent of all persons observed, [to] record the activities of another person, to wit: [his neighbor], out of public view"; and (4) burglary of the woman's home with the intent to commit therein unlawful eavesdropping and surveillance. Gavin filed a general demurrer to the two counts that alleged unlawful eavesdropping and surveillance.

The relevant Code provision, OCGA § 16-11-62 (2), states in pertinent part that it is unlawful for "[a]ny person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view." Gavin argued that the term "any person" in subsection (1) of OCGA § 16-11-62[3] applies only to a third party, not to a willing participant in an act who consented to a recording thereof, and therefore, the same meaning should be given to that term in subsection (2) of OCGA § 16-11-62. He asserted that his video recording of an act in which he willingly participated fell outside the purview of OCGA § 16-11-62 (2).

This case presents a matter of statutory construction. "[T]he initial rule of statutory construction is to look to the legislative

---

[1] *Dennard v. State*, 243 Ga. App. 868, 869 (534 SE2d 182) (2000).

[2] Id. at 869-870 (citation omitted).

[3] Subsection (1) states that it is unlawful for "[a]ny person in a clandestine manner intentionally to overhear, transmit, or record or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place."

intent and to construe statutes to effectuate that intent."[4] While the legislative intent prevails over the literal import of words, where the statutory language is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.[5] The court "is not authorized to disregard any of the words [of a statute] unless the failure to do so would lead to an absurdity manifestly not intended by the legislature."[6] The court must construe the statute so as "to give sensible and intelligent effect to all of its provisions and should refrain, whenever possible, from construing the statute in a way that renders any part of it meaningless."[7]

> A statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes "in pari materia," are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto.[8]

"When a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute *must* be construed strictly against the State and in favor of the accused."[9]

"OCGA § 16-11-62 was intended to protect all persons from an invasion of privacy."[10] Pertinently, subsection (2) of that Code section contains the language, "without the consent of all persons observed," which the legislature has not included in subsection (1). The plain import of these words illustrates legislative intent that the consent required under subsection (2) is that of each individual observed. It follows then that "any person" as used in that subsection was not intended to exclude one who recorded an activity in which he willingly participated. To so interpret "any person" could, under some circumstances, render meaningless the language "without the consent of all persons observed." But our construction gives

---

[4] *Goldberg v. State*, 282 Ga. 542, 546 (651 SE2d 667) (2007) (citation and punctuation omitted).

[5] *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

[6] *Abdulkadir v. State*, 279 Ga. 122, 123 (2) (610 SE2d 50) (2005) (citation, punctuation and emphasis omitted).

[7] *Sikes v. State*, 268 Ga. 19, 21 (2) (485 SE2d 206) (1997) (citation and punctuation omitted).

[8] *Goldberg*, supra (citation and punctuation omitted).

[9] *Vines v. State*, 269 Ga. 438, 439 (499 SE2d 630) (1998) (citation and punctuation omitted; emphasis in original).

[10] *Kelley v. State*, 233 Ga. App. 244, 249 (2) (503 SE2d 881) (1998) (citation omitted).

sensible and intelligent effect to all of the subsection's plain language, while furthering the "intent of [the statute] to protect the citizens of this State from invasions upon their privacy."[11]

Cases such as *Griffin v. State*,[12] *Fetty v. State*,[13] *State v. Birge*,[14] *Mitchell v. State*,[15] *Malone v. State*,[16] relied upon by Gavin, are inapposite and provide no support for the exception to "any person" under OCGA § 16-11-62 (2) that Gavin advances.[17] Each such case construes OCGA § 16-11-62 consistently with the exception to that Code section expressly codified in OCGA § 16-11-66 (a): "Nothing in Code Section 16-11-62 shall prohibit a person from intercepting a wire, oral, or electronic communication where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."[18] Notably, as another exception to OCGA § 16-11-62, the legislature outlined in OCGA § 16-11-66 (b) circumstances under which a child's telephone conversation or electronic communications may be recorded. Moreover, the legislature enumerated other exceptions to the prohibitions of OCGA § 16-11-62 (2) as paragraphs of that subsection. Because the legislature could have expressly created the exception urged by Gavin, we find it instructive that it did not. As our construction of OCGA § 16-11-62 (2) harmonizes with the statutory scheme of that part of the Georgia Code within which it is contained,[19] we decline to carve out the exception suggested by Gavin.[20]

---

[11] *Ransom v. Ransom*, 253 Ga. 656, 658 (1) (324 SE2d 437) (1985) (citation and punctuation omitted).

[12] 282 Ga. 215 (647 SE2d 36) (2007).

[13] 268 Ga. 365 (489 SE2d 813) (1997).

[14] 240 Ga. 501 (241 SE2d 213) (1978).

[15] 239 Ga. 3 (235 SE2d 509) (1977).

[16] 246 Ga. App. 882 (541 SE2d 431) (2000).

[17] *Griffin*, supra at 223 (10) (where audiotape of telephone conversation was recorded by a party to the conversation, the tape was not inadmissible under OCGA § 16-11-62); *Fetty*, supra at 366 (3) (tape recording of a telephone conversation was not inadmissible under OCGA § 16-11-62 because the person who recorded it was a party to the conversation); *Birge*, supra ("[OCGA § 16-11-62] does not prohibit one party to a conversation from secretly recording or transmitting it without the knowledge or consent of the other party."); *Mitchell*, supra at 4 (1) ("[OCGA § 16-11-62] relates to one who is *not* a party to the [telephone] conversation.") (emphasis in original); *Malone*, supra at 883 ("[OCGA § 16-11-62] does not prohibit a party to the conversation from recording it.") (citations omitted).

[18] See *Smith v. State*, 254 Ga. App. 107, 108 (2) (a) (561 SE2d 232) (2002).

[19] See Part 1, "Wiretapping, Eavesdropping, Surveillance, and Related Offenses," of OCGA § 16-11-60 et seq.

[20] See *Ransom*, supra (where legislature had not drawn an exception from OCGA § 16-11-62's prohibition for one who, in a clandestine manner, records the private telephone conversations of his spouse which occur in a private place, court declined to do so); *Kelley*, supra (finding no express statutory exception for family members from "any person," and refusing to construe one).

Gavin relies upon *Thompson v. State*[21] also to no avail. The appellant in *Thompson* contended that a videotape of a statement he made to detectives at the police station after his arrest should not have been shown to the jury because it constituted an illegal invasion of privacy under a provision of OCGA § 16-11-62 that then made it unlawful for

> any person, through the use of any instrument or apparatus, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view; provided however, that it shall not be unlawful to use any camera, photographic equipment, videotape equipment, or other devices to observe, photograph, or record the activities of persons incarcerated in any jail, correctional institution, or any other facility in which persons who are charged with or who have been convicted of the commission of a crime are incarcerated, provided that such equipment shall not be used while the prisoner is discussing his case with his attorney.[22]

The record in *Thompson* showed that before the custodial interrogation, the interviewing detective placed a tape recorder in front of the appellant and asked him whether he minded the detective taping the interview, and appellant said that he did not.[23] Neither party specified whether the method of recording would be videotaping.[24] Misreading our decision in that case, Gavin asserts that this court "grafted the party exclusion rule on its interpretation of OCGA § 16-11-62 (2) and held that the video recording was not objectionable because an actual party/participant made the recording." We did not. After noting it was arguable that appellant had consented to the use of "any instrument or apparatus to record the conversation,"[25] we concluded that even assuming that Thompson did not consent, the Code provision, as then written, was not violated because the police station was not a "private place" within the provision's meaning.[26] Thus, *Thompson* is clearly distinguishable because the counts Gavin contests hinge upon the claim that the complainant did *not* consent to the videotaping of the activity that involved her and

---

[21] 191 Ga. App. 906 (383 SE2d 339) (1989).
[22] Id. at 908 (3) (citation and punctuation omitted).
[23] Id.
[24] Id.
[25] Id. (punctuation omitted).
[26] Id.

that the recorded activity occurred in a private place.[27]

Because the counts at issue attributed to Gavin conduct proscribed by OCGA § 16-11-62 (2),[28] the trial court correctly rejected his general demurrer.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JULY 2, 2008 — 

*Phinia-Cou J. Aten*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anna G. Cross, Assistant District Attorney*, for appellee.

---

[27] See OCGA § 16-11-60 (3) (defining "private place" as "a place where one is entitled reasonably to expect to be safe from casual or hostile . . . surveillance"). See *Snider v. State*, 238 Ga. App. 55, 57 (1) (b) (516 SE2d 569) (1999) (finding appellant's contention that one does not reasonably expect privacy in one's own bedroom as not tenable).

[28] Gavin makes no argument that he was a "willing participant" in the recorded activity of the complainant's sleeping on a sofa in her residence, and we do not address that issue here.