## A10A1178. HILL v. THE STATE.
(703 SE2d 98)

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Calvin Lorenzo Hill appeals his conviction for armed robbery. He contends that the trial court erred in admitting into evidence a taped conversation

between his co-defendant and a third party, and also in its instruction to the jury regarding prior consistent statements. Following our review and discerning no reversible error, we affirm.

Construed in favor of the jury's verdict, evidence was presented that Consolidated Credit, a storefront loan company, was robbed by two men, one wearing an orange mask and the other wearing a dark colored mask. The man in the orange mask approached the owner and ordered him at gunpoint to give him "the money," while the second robber remained near the entrance brandishing an iron object. After robbing the store, the men left from the building and were spotted by the publisher of the local newspaper, which was located nearby, running away from the store. The publisher testified that five minutes before he saw the two men running, he spotted the pair walking toward Consolidated Credit and one of the men had a bright orange cap on his head. Although one of the employees described the robbers as black males, slim and about 5'10", none of the customers or employees present during the robbery were able to identify the masked men in a photographic lineup.

Soon after the robbery, William Burton was arrested on outstanding warrants and while incarcerated told police that he had information about the Consolidated Credit robbery "in exchange for getting help with the charges" against him. Burton told police that Hill was one of the men who robbed the business. Burton also testified during the trial that Hill told him he had robbed Consolidated Credit.

Darrell Lawrence also contacted police with information about the robbery. Lawrence agreed to call Hill's suspected accomplice, Dantavious Fortson, and have their conversation recorded. Police used Internet "spoofware" that concealed the actual telephone number from which the call originated. Lawrence called Fortson from a telephone at the police station, but it appeared on Fortson's caller ID as another number. During the conversation, Fortson implicated himself and Hill in the robbery of Consolidated Credit, indicating that he had worn the black mask, Hill had worn the orange mask, and that they had taken $850. Lawrence did not testify at trial. Fortson was arrested, and in a statement to police said that Hill was his accomplice in the robbery. An arrest warrant was issued for Hill, and he turned himself in to police. He later pled guilty to the robbery, and testified during the trial that he and Fortson committed the robbery.

1. Hill contends that the trial court erred in admitting into evidence the taped conversation between Fortson and Lawrence. Hill argues that the recording of the conversation was illegal eavesdropping, and that even if Lawrence consented to the taping of the conversation, police were prohibited from intercepting the conversa-

tion between the two because Fortson was under 18 at the time of the conversation.

While OCGA § 16-11-62 (1) prohibits any person from clandestinely recording the private conversation of another, OCGA § 16-11-66 (a) excludes from this prohibition situations in which one party to the conversation has consented to the recording of it. See *Fetty v. State*, 268 Ga. 365, 366 (3) (489 SE2d 813) (1997); *Sheppard v. Reid*, 198 Ga. App. 703 (402 SE2d 793) (1991). However, OCGA § 16-11-66 (b) requires that "[c]onsent for the recording or divulging of the conversations of a child under the age of 18 years conducted by telephone or electronic communication shall be given only by order of a judge of a superior court upon written application."

Here, even assuming without deciding that Hill had standing to object to the conversation between Fortson and Lawrence, see *Ellis v. State*, 256 Ga. 751, 755 (2) (353 SE2d 19) (1987) ("When the voice of an individual is not heard and the tap is not on his premises, he has no standing"), we find no reversible error in the admission of the taped conversation between Fortson and Lawrence.

Even if the tape was inadmissible, the evidence was merely cumulative as Fortson testified extensively at trial about Hill's involvement in the robbery, including what the men wore and their actions during the robbery. "Evidence which is cumulative of other legally admissible evidence of the same fact, renders harmless admission of incompetent evidence." (Citation and punctuation omitted.) *Taylor v. State*, 263 Ga. App. 420, 423 (3) (587 SE2d 791) (2003).

2. Hill also contends that the trial court erred in instructing the jury on prior consistent statements. He argues that the instruction was given based on the recorded telephone conversation purportedly containing prior consistent statements from Fortson, and because the recording was not admissible for any purpose, the trial court erred in giving the jury instruction.

Based on our holding in Division 1, however, this enumeration is meritless.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 29, 2010.

*Jana M. Whaley*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.