A11A0593. THE STATE v. MADISON.
(714 SE2d 714)

DILLARD, Judge.

Lawrence Madison was indicted for various offenses arising out of the alleged molestation of W. M. The trial court granted Madison's motion to suppress video recordings made by W. M. on the ground that the recordings were not made with the consent of all persons observed therein, and the State appeals this ruling. For the reasons

noted infra, we affirm.

The record shows that Madison was charged with three counts of child molestation, two counts of sexual battery, public indecency, and aggravated sexual battery. Thereafter, Madison filed a "motion to suppress illegally created video recordings," in which he asserted that the victim, W. M., made two video recordings of interactions between herself and Madison, who is an attorney, in his law office without his consent. At a motion hearing, the parties stipulated that the videos were made in a private place, Madison's office, without his consent. The trial court entered an order granting the motion to suppress the video recordings because (1) the recorded activity occurred in a private place and (2) Madison did not consent to being recorded. This appeal by the State follows.[1]

1. At the outset, we address Madison's motion to dismiss the appeal on the grounds that the State failed to include enumerations of error in its brief, as is required by Court of Appeals Rule 22.

Although the State failed to comply with Rule 22, when it is apparent "from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal," this Court shall consider the appeal "notwithstanding that . . . the enumeration of errors fails to enumerate clearly the errors sought to be reviewed."[2] This rule comports with the requirement that we construe the Appellate Practice Act forgivingly in order to reach a decision on the merits of every appeal and avoid the dismissal of cases.[3]

Thus, because it is apparent from the State's notice of appeal, the record, and the State's brief what judgment is appealed from and what errors are asserted, we deny Madison's motion to dismiss the appeal and exercise our discretion to reach the merits of the case.

2. The State argues that the trial court erred when it granted Madison's motion to suppress video recordings made by W. M. We disagree.

When reviewing a trial court's order concerning a motion to suppress evidence, we are guided by three principles. First, a trial judge sits as the trier of fact when he or she hears a motion to suppress.[4] Indeed, "[t]he trial judge hears the evidence, and his [or her] findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if

---

[1] See OCGA § 5-7-1 (a) (4).

[2] OCGA § 5-6-48 (f).

[3] See OCGA § 5-6-30; see also Head v. Thomason, 276 Ga. 434, 438 (2) (578 SE2d 426) (2003).

[4] See, e.g., Tate v. State, 264 Ga. 53, 54 (440 SE2d 646) (1994).

there is any evidence to support it."[5] Second, we must accept the trial court's decisions as to questions of fact or credibility unless they are clearly erroneous.[6] And third, we must "construe the evidence most favorably to the upholding of the trial court's findings and judgment."[7] With these guiding principles in mind, we now turn to the State's argument.

(a) The State first contends that OCGA § 16-11-62 (2) must be read in conjunction with OCGA § 16-11-66 (a), which would render the video recordings admissible because W. M. was a participant.

In the case sub judice, the trial court relied upon OCGA § 16-11-62 (2), which provides that "[i]t shall be unlawful for . . . [a]ny person, through the use of any device, *without the consent of all persons observed*, to observe, photograph, or record the activities of another which occur in any private place and out of public view,"[8] and then, with very little analysis, excluded the video recordings at issue pursuant to OCGA § 16-11-67.[9]

On appeal, Madison defends the trial court's suppression of the video recordings by relying on this Court's decision in *Gavin v. State*,[10] wherein the defendant videotaped his neighbor while she slept and videotaped himself engaging in sexual intercourse with her without obtaining her consent to record them.[11] The defendant argued that his video recordings fell outside the purview of OCGA § 16-11-62 (2) because he was a willing participant.[12] We rejected that argument, concluding that

> subsection (2) of [OCGA § 16-11-62] contains the language, "without the consent of all persons observed," which the legislature has not included in subsection (1). The plain import of these words illustrates legislative intent that the consent required under subsection (2) is that of each individual observed. It follows then that "any person" as used in that subsection was not intended to exclude one who recorded an activity in which he willingly participated. To so interpret "any person" could, under some circumstances,

---

[5] *Id.* (citation and punctuation omitted).

[6] *See, e.g., id.*

[7] *Id.*

[8] OCGA § 16-11-62 (2) (emphasis supplied).

[9] OCGA § 16-11-67 provides that "[n]o evidence obtained in a manner which violates any of the provisions of this part shall be admissible in any court of this state except to prove violations of this part."

[10] 292 Ga. App. 402 (664 SE2d 797) (2008).

[11] *Id.* at 403. We note in passing that in addition to the allegation that Gavin videotaped his neighbor without her consent, he was also charged with raping her. *Id.*

[12] *Id.*

render meaningless the language "without the consent of all persons observed."[13]

In his brief, Madison posits that *Gavin* stands for the proposition that there can *never* be a participant's exception to OCGA § 16-11-62 (2). We do not read *Gavin* as making that sweeping of a pronouncement. Moreover, to do so would be flatly at odds with the plain meaning of OCGA § 16-11-66 (a), which makes it explicitly clear that the participant's exception applies to OCGA § 16-11-62 in its entirety:

> *Nothing in Code Section 16-11-62* shall prohibit a person from intercepting a wire, oral, or electronic communication where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.[14]

In any event, this much is clear: Nothing in the *Gavin* opinion suggests that we were dealing in that case with images or sounds captured on a video-recording device that depicted "wire, oral, or electronic communication[s]."[15] *Gavin* does not hold and cannot be reasonably understood to hold that the participant's exception set forth in OCGA § 16-11-66 (a) has no application to video recordings that satisfy the criteria of that statutory exception.

But here, as in *Gavin*, none of the types of communication encompassed by OCGA § 16-11-66 (a) appear to be at issue. Accordingly, for this reason, we affirm the trial court's exclusion of W. M.'s video recordings.[16]

That said, if the video recordings made by W. M. had actually captured audible oral communications or inaudible but otherwise discernible oral communications (e.g., in which the speaker's words could be discerned from reading his or her lips), and if the State were seeking to admit such communications, this might require a different result. However, we leave the consideration of this question for

---

[13] *Id.* at 404.

[14] OCGA § 16-11-66 (a) (emphasis supplied). *Cf. Hill v. State*, 306 Ga. App. 663, 665 (1) (703 SE2d 98) (2010) ("While OCGA § 16-11-62 (1) prohibits any person from clandestinely recording the private conversation of another, OCGA § 16-11-66 (a) excludes from this prohibition situations in which one party to the conversation has consented to the recording of it." (citations omitted)); *Fetty v. State*, 268 Ga. 365, 366 (3) (489 SE2d 813) (1997) ("OCGA § 16-11-62 [(1)] prohibits the clandestine intentional recording of another's private phone conversations.").

[15] OCGA § 16-11-66 (a).

[16] *See, e.g.*, *English v. State*, 288 Ga. App. 436, 442 (3) (654 SE2d 150) (2007) ("[A] judgment right for any reason will be affirmed." (footnote omitted)).

another day or for our General Assembly.

(b) The State next contends that OCGA § 16-11-62 (2) does not apply because Madison's office was not a "private place" as contemplated by the statute. As explained supra (and as the trial court held in its order granting the motion to suppress), the parties stipulated that the videos were made in a private place. And it is well-established that "[a] party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct."[17]

Accordingly, for all the foregoing reasons, we affirm the trial court's grant of the defendant's motion to suppress the video recordings.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 14, 2011.

*Larry Chisolm, District Attorney, Emily C. Thomas, Assistant District Attorney*, for appellant.

*Jackson & Schiavone, George T. Jackson*, for appellee.

---

[17] *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997) (footnote omitted); *see also Stewart v. State*, 286 Ga. 669, 672 (4) (c) (690 SE2d 811) (2010) (same).